SARAH R. LATHAM

*v.*

A. SUMNER.

89   233
69a  226
89    233
j201  ¹615
103a  ¹521

1.  SALE—*whether sale or lease.*   Where a party, upon delivery of a piano, took three promissory notes from the other party for the balance of the price, to which were annexed conditions, to the first and second that the piano, for the use of which the notes were given, should remain the property of the payee, and on default of·payment it should be returned to him, and to the third that

upon payment of it and all prior notes given for the use of the piano, the same should become the property of the maker of the notes, it was *held*, that the transaction must be regarded as a sale of the instrument.[*]

2. RESCISSION OF CONTRACT—*by taking back property sold—refunding money paid.* Where personal property is sold, a part of the price paid, and notes given for the balance, under a contract that upon default in the payment of either note the property shall be returned to the seller, with no provision for the return of the payments made, and the vendor, on failure to pay the first note, takes possession of the property, with the consent of the purchaser, and surrenders his notes, there will be no rescission of the contract. The retaking of possession in such case is but in accordance with the contract, and the vendor will not be liable to refund the payments made to him.

3. RECOUPMENT. Where the vendor of a piano takes possession of the same for default of payment, under a contract authorizing him to do so, and with the consent of the purchaser, if he were liable to refund payments made he would have the right to recoup or set-off any damages sustained by him by the failure of the purchaser to perform the contract. In such case he might recoup the value of the use of the instrument, and any depreciation in its value growing out of its use.

4. PRACTICE—*defense in suits originating in justices' courts.* The defendant in a suit originating before a justice of the peace, has the right, without formal pleadings, to urge any defense he may have on the trial, in the circuit court, on appeal.

APPEAL from the Circuit Court of Saline county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. JOHN F. LATHAM, for the appellant.

Mr. JAMES M. GREGG, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee sold to appellant a piano, for $380. Appellant paid a melodeon, at $55, and $25, and gave her three promissory notes, for $100 each—one due in six, one in twelve, and the other in fifteen months from date, each drawing ten per cent interest after maturity.

The first and second notes in the series had this condition attached to them, respectively:

[*] See, also, *Lucas* v. *Campbell et al.* 88 Ill. 447.

"It is agreed between the maker of this note and A. Sumner, that the piano forte No. 4478, for the use of which to the maturity thereof this note is given, is and shall remain the property of A. Sumner, and that in default of payment thereof said piano shall be returned to said Sumner, his agent or attorney."

The condition on the margin of the third note reads:

"It is agreed between the maker of this note and A. Sumner, that the piano forte No. 4478, for the use of which to the maturity thereof this note is given, shall, upon the payment of this and all prior notes given for the use of said piano, become the property of the maker of this note.

A. SUMNER."

Ten dollars was paid on the first note in January, 1876, but no other payments were ever made.

There seems to have been an effort to give this sale the form of a lease of the instrument, but, the whole contract considered, it must be regarded a sale. The instrument seems to have been in the possession of appellant at the time the notes were given, which was on the 19th of July, 1875, and so remained until some time in March, 1876, when, the first note not being paid, appellee's agent went to appellant to demand the piano, and if not delivered, to replevy it; but it was then agreed that appellee should take the instrument and surrender the notes to appellant, which was done. At the time, no arrangement or agreement was made as to paying back the advanced payments, or in reference to paying for the use of the piano. Subsequently, appellant brought suit, by attachment, before a justice of the peace, to recover back all payments, against appellee. The case was appealed to the circuit court, and a trial therein resulted in favor of defendant, from which plaintiff appeals.

It is urged that appellee could not rescind the contract without placing appellant in *statu quo*, and failing to do so, he is liable for all payments made to him on the contract.

Appellant, failing to make payment according to the condition in the notes, should have returned the instrument, and appellee only exercised his undoubted legal right in resuming possession. He violated no contract or legal right of appellant when he took the piano, and not only so, but it was with the consent of appellant, nor was there any agreement to refund payments already made. We are, therefore, at a loss to see that appellee declared a rescission, because he acted under the agreement itself as well as by mutual consent of the parties. Had appellant refused to cancel the agreement and to restore the property, and appellee had taken it, then a question might have arisen as to a rescission and its consequences.

But, even conceding that appellant had the right to sue for the recovery of the payments, she could only recover what is just and fair. As appellee did no wrong nor violated any right, he has not forfeited the right to recoup or set off any damages he has sustained by appellant failing to perform her part of the agreement. She, on no principle of law or justice, has the right to profit by her wrong in failing to keep her contract. She has had the use of the instrument about eight months, and the uncontradicted testimony shows the use of it to have been worth $15 per month. Again, the same character of evidence shows that the piano was depreciated in value, by its use during that time, at least $50. No reason is perceived why appellee should sustain this loss. He has done nothing to require it, and it is unjust that he should.

If it were conceded, then, that appellant has a legal claim to demand the payments made on the contract, appellee has an equal right to claim for the use of the instrument or its depreciation by being used by appellant. These items, from the evidence, exceed the payments, and hence must defeat a recovery.

The damages sustained by appellee grow out of the contract, and may be recouped against the claim of appellant. The proceeding was commenced before a justice of the peace, and defendant has, without formal pleadings, the right to urge any

defense he may have, and hence appellee had the right to avail of this defense.

We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*