## ELLA AND NELLIE DUKE *v.* W. C. SHACKLEFORD.

1. CONDITIONAL SALE.  *Tender before suit.  When unnecessary.*

Where machinery is sold for part cash, and for the balance a note is taken reserving the title in the vendor until it is paid, the vendor, if the note is not paid at maturity, may recover the machinery in replevin from the vendee or a purchaser with notice, without offering to refund the cash.  *Ketchum & Cummings* v. *Brennan*, 53 Miss. 596, explained, and distinguished from this case.

2. SAME.  *Fixtures.  Replevin.*

Where, by the written terms of sale of machinery, permission is given the vendee to put it upon land, but the title is retained in the vendor until the price is paid, such machinery, when put up, does not become part of the realty, nor pass to a purchaser of the land with notice of the rights of the vendor of the machinery, but such vendor may recover it from such purchaser in replevin.

ERROR to the Circuit Court of Yalobusha County.

Hon. J. W. C. WATSON, Judge.

On December 7, 1876, W. C. Shackleford sold to Mary C. Dellahite an engine, boiler, saw, and gearing, for $725, of which $500 was paid cash, and for the balance the following note given : —

" $225.    On or before the 1st day of January, 1878, I promise to pay W. C. Shackleford, or bearer, two hundred and twenty-five dollars, bearing 10 per cent interest after maturity ; being balance due on engine, boiler, cut-off saw, and gearing sold me this day by the said W. C. Shackleford ; title to said machinery being retained by the said Shackleford until the amount is paid in full.

" It is expressly understood that said machinery is to be moved and put up near Garner's Station, on the M. & T. R. R.

" MARY C. DELLAHITE.

" COFFEEVILLE, MISS., Decr. 7, 1876."

The machinery was put up at Garner's Station. The note was not paid at maturity; and Shackleford, without tendering the $500, brought replevin for the property. The land on which the saw-mill stood was sold to the Dukes, before the suit was brought, who purchased with notice of Shackleford's rights, and so the suit was against them; and they bring up the case from a judgment for the recovery of the machinery.

*J. J. Slack*, for the plaintiffs in error.

1. The $500 should have been tendered before bringing the suit. 5 Cush. 501, 846; 53 Miss. 608, 609; Story on Sales, sect. 427, note 4, sect. 457, note 2.

2. The property had become part of the freehold by Shackleford's consent, and passed with the land. Replevin will not lie. Hill on Fixt., sects. 1, 2, 11, 15, 45; 43 Miss. 349; 48 Miss. 1; *Bishop* v. *Bishop*, 1 Kern. 123; 7 How. 421; 71 Ill. 433.

*George H. Lester*, for the defendant in error.

1. The tender of $500 was unnecessary. This case is not like *Ketchum & Cummings* v. *Brennan*, 53 Miss. 608, in which part of the price was not due when suit was brought, the consideration there being payable *in instalments*. Moreover, the point was not made in that case, but conceded by counsel, on which concession the court acted. The other authorities cited for plaintiffs in error are as to *rescinding* contracts, where the price is payable in instalments, some of which are not due when the suit is brought. But where, on conditional sale, all the money is due and unpaid, the vendor may recover his goods without rescinding. *Marston* v. *Baldwin*, 17 Mass. 606; *Moak* v. *Bryant*, 51 Miss. 560.

2. By the terms of the contract, the machinery could not become a fixture. *Perkins* v. *Swank*, 43 Miss. 349; *Weatherby* v. *Stephen*, 42 Miss. 736.

CHALMERS, J., delivered the opinion of the court.

By the terms of the written contract, the title of the property remained in the vendor until payment in full of the

note given for the deferred payment. The effect of the contract, therefore, was to leave the right of property in the seller, and to give the right of possession, until default made in payment, to the purchaser. Coupled with this right of possession was also the right in the purchaser to obtain title by payment of the price. But the period of payment having arrived, and default having been made, his right of possession terminated, and the vendor, who had all the while remained owner, became entitled to reclaim the custody of his property. In order to assert this right, it was only necessary for him to make demand for the restoration of the property or payment of the price; and this he did. It was not necessary that he should pay back, or tender, the money received as the cash payment. This is only necessary in cases of disaffirmance and rescission of a sale on condition subsequent. But this was a sale on condition precedent; that is, there was to be no sale, properly so called, no change of title, until the full price should be paid; and the law annexes to such a sale a right in the seller to recover possession of his property upon default made, even against subsequent *bonâ fide* purchasers for value without notice. In reclaiming his property, therefore, the seller is not rescinding the contract, but is enforcing it; and hence there is no obligation to tender back any thing. He is simply asserting his legal rights, in strict accordance with the express stipulations of the contract. What rights, if any, the vendee in such a contract might have in a court of chancery is not before us. *Ketchum & Cummings* v. *Brennan*, 53 Miss. 597; Story on Sales (3d ed.), sect. 313, and note 2; Benj. on Sales (Perkins's ed.), sect. 320, and note; *Baker* v. *Hall*, 15 Ind. 277; *Dunbar* v. *Rawles*, 18 Ind. 225; *Sumner* v. *McFarlan*, 15 Kan. 600; *Zoutchman* v. *Roberts*, 109 Mass. 53; *Sage* v. *Sleutz*, 23 Ohio, 1; *Little* v. *Paige*, 44 Mo. 412; *Duncan* v. *Stone*, 45 Vt. 118; *Davis* v. *Emery*, 11 N. H. 230; *Bauendahl* v. *Horr*, 7 Blatchf. 548; *West* v. *Bolton*, 4 Vt. 558.

The cases specially cited are all cases where partial payments had been made.

In the opinion in *Ketchum & Cummings* v. *Brennan*, 53 Miss. 596–609, it was said that in a case like this there must be a precedent rescission, and tender back of the money received. In that case there had been such tender, and the question was, whether it was necessary to bring the money into court, so as to make it a continuous tender. It was properly answered in the negative. Our attention was not called to the question whether any tender at all was necessary, and we were misled by the concession on both sides that it was; and to some extent, also, by the broadness of the statement made by Judge Story, in his work on Sales, sect. 457*a*, that in conditional sales the vendor cannot recover his property, upon failure of the vendee to perform the condition, "until he had made demand for the performance of the condition, and rescinded the contract." Of course, in order to rescind the contract he must tender back what he has received; but the language is applicable only to sales on condition subsequent, and not to those where, by the terms of the contract, no title is to pass until the performance of the condition. The agreement of the parties shows that the property, as between them, was to remain personalty, though annexed to the freehold.

Affirmed.