ROSS-MEEHAN BRAKE SHOE FOUNDRY CO. v. PASCAGOULA
ICE CO. ET AL.

1. CONDITIONAL SALE. *Reservation of title. Equities of parties.*

> The seller of personal property, though delivery is made, may retain
> the legal title until payment of the price. But this is only as
> security, and in any proceeding to subject the property regard for
> the equitable rights of the purchaser must be had. *Tufts* v. *Stone,*
> 70 Miss., 54.

2. ASSIGNMENT OF NOTE. *Carries security as incident.*

> Where the seller, under a separate written contract, reserves the
> legal title to the property as security for the price, and also takes
> the purchaser's note, an assignment of the note carries with it, as
> an incident, the right to enforce the contract as a security.

3. CHANCERY COURT.   *Jurisdiction.   Conventional lien.*

In such case the chancery court has jurisdiction to enforce the lien.

4. CHANCERY PRACTICE.   *Seller, when necessary party.*

On a bill filed by the assignee of the seller to enforce the lien in such case, where the contract under which the title is reserved imposes personal obligations on the seller—*e. g.*, to restore any parts of machinery which may prove defective, the seller should be made a party, that the rights of all persons in interest may be settled by the decree.

5. SAME.   *Parties.   Nonjoinder.   Amendment.*

On objection by defendant, though made at the hearing, that a necessary party has not been joined, the bill should not be dismissed, but complainant should be granted leave to amend by making such person a party.

FROM the chancery court of Jackson county.

HON. W. T. HOUSTON, Chancellor.

Bill by the Ross-Meehan Brake Shoe Foundry Company, as assignee of a note secured by a lien on personal property sold the Pascagoula Ice Company. The stipulation in the written contract referred to in the last paragraph of the opinion, is as follows: "The party of the first part hereby agrees to replace, at their cost, any part of the said machinery and outfit which may break or give way within two years from its delivery, provided said break is caused by any weakness or defect."

The opinion contains a further statement of the case.

*Brame & Alexander,* for appellant.

1. The reservation of legal title to the machinery was only intended as a security. The transaction simply amounted to a mortgage. The court will look through the form of the transaction and enforce the real intention of the parties. On this point, see *Duke* v. *Shackelford,* 56 Miss., 552 ; *Dederick* v. *Wolfe,* 68 *Ib.*, 500; *Tufts* v. *Stone,* 70 *Ib.*, 54.

2. The assignment of the note carried with it the right to enforce the security provided for in the written contract. This security is a mere incident of the debt. This would be true of

any lien existing by way of mortgage or otherwise. *Natchez* v. *Minor*, 9 Smed. & M., 544; *Kausler* v. *Ford*, 47 Miss., 289; *Gleason* v. *Wright*, 53 *Ib.*, 247; *Kerr* v. *Moore*, 54 *Ib.*, 286; *Taylor* v. *Nelson*, *Ib.*, 524; *Dederick* v. *Wolfe*, 68 *Ib.*, 500; *Tufts* v. *Stone*, 70 *Ib.*, 54; 93 U. S.; 199; 16 Wall., 271; 43 Md., 182; 35 Mich., 474; 86 Ky., 67; 4 Lea (Tenn.), 439; 65 Ala., 285; 94 *Ib.*, 33; 47 Minn., 521; Jones on Liens, §§ 28, 991; Jones on Chat. Mor., § 503; 1 Am. & Eng. Enc. L., 844.

3. The chancery court has general original jurisdiction in enforcing liens. The fact that complainant might have sued at law on the note, or that the machinery could be seized in an action of replevin does not affect the jurisdiction of the court to enforce the lien and adjust the equities of the parties. Conferring a remedy at law by writ of seizure or otherwise does not take away the jurisdiction of the chancery court. The remedies are cumulative. 23 Miss., 88; 44 *Ib.*, 89; 48 *Ib.*, 303.

Where the remedy in equity is more full and complete, the chancery court has jurisdiction. 1 How. (Miss.), 584. On this point, see also *Marx* v. *Davis*, 56 Miss., 745; *Whitney* v. *Bank*, 71 *Ib.*, 1009. The mere expression, in the opinion of the court, in *Journey* v. *Priestly*, 70 Miss., 584, does not militate against our position; and this is true of the decision in *McPherson* v. *Lumber Company*, *Ib.*, 649. If complainant should seize the property, it would not be the owner. Resort to equity to sell it and adjust the rights of the parties would still be necessary.

4. No objection was raised in the pleadings on the ground of the nonjoinder of the Southern Ice Machine Company. It would be bad practice, and would work a great hardship, to allow a defense like this to be sprung, for the first time, on the final hearing. See *Rodd* v. *Durbridge*, 53 Miss., 694; *Green* v. *Gaston*, 56 *Ib.*, 748. Besides, the assignor of the note had no interest in the controversy, and was not a necessary party.

5. Conceding that there was a nonjoinder of a necessary party, it was the plain duty of the court to allow the bill amended in this respect. The statute, as to this, is mandatory. Code 1892, § 542; *Jeffries* v. *Jeffries*, 66 Miss., 216. Over the objection of complainant, the defendant was allowed, at the hearing, to amend the answer so as to deny that the original contract was assigned with the note. This being done, the court then held that the assignor was a necessary party, yet, when complainant sought to amend by making it a party, this was refused, and the bill was dismissed for want of jurisdiction. The action of the court was entirely illogical and erroneous.

*E. J. Bowers & O. B. Sansum*, for appellees.

1. The absolute title to the property in question was retained by the seller. This transaction partook of none of the characteristics of a mortgage. The title being reserved, the property could be seized; but the complainant could not proceed in equity to enforce a lien or claim against its own property. On this point, see Jones on Chat. Mor., § 26; 20 Barb. (N. Y.), 364; 21 *Ib.*, 581; 32 Ark., 308; 10 Leigh (Va.), 251; 40 Miss., 462. The case cited by opposite counsel from 4 Lea (Tenn.), 439, is an authority for the position assumed by us. *Dederick* v. *Wolfe*, 68 Miss., 500, and *Tufts* v. *Stone*, 70 *Ib.*, 54, have no application to the question involved here.

The case of *Journey* v. *Priestly*, 70 Miss., 584, is decisive of the question of jurisdiction. It was there held that the chancery court would not have had jurisdiction but for the fact that the property sought to be made liable was an interest in a partnership. On this point, we also refer to 21 Am. & Eng. Enc. L., 632, and authorities cited.

The court has no jurisdiction to enforce the performance of the contract, as to giving a trust-deed and insuring the property. Complainant is not the owner of the contract containing these stipulations. The note in suit was taken long after the execution of the contract, and was a waiver of these stipula-

tions. 3 Am. & Eng. Enc. L., 435. Besides all this, there was never any request made of the defendants to execute the trust-deed or to insure the property, and the bill contains no prayer for any performance of these provisions.

2. The promissory note does not constitute a lien, and it is not declared upon as such. It is true the note stipulates that it is secured by a vendor's lien on machinery, but there is no such lien in respect to personal property, and, besides, the description of the property in the note is void for uncertainty.

3. The decree appealed from is correct, because appellant wholly failed to establish title to the contract sought to be enforced, the note and contract being entirely distinct. The note was given long after the contract was executed, and in satisfaction thereof. But, conceding the contract to be still in force, it vests absolute title to the property in the Southern Ice Machine Company, which is not a party to the suit. The failure of complainant to prove either a transfer of the contract or of the chattels was a lack of title going directly to the right to invoke the aid of any court, either as to the contract or the chattels. As to the necessity of showing an assignment of the contract or of the chattels, see *McPherson* v. *Lumber Co.*, 70 Miss., 649.

4. Complainant cannot object to the amendment of the answer denying the assignment of the contract, because the action of the court was not excepted to. The amendment was within the discretion of the court, and this discretion was properly exercised. We submit, further, that even if the vendor had been made a party, and it was now seeking to foreclose the contract as a mortgage, the court would still be without jurisdiction.

Nothing is involved on this appeal except the question of jurisdiction, and if we are wrong as to it, we ask that the cause be remanded, in order that it may be tried on the merits.

Argued orally by *L. Brame*, for appellant, and *O. B. Sansum* and *E. J. Bowers*, for appellees.

COOPER, C. J., delivered the opinion of the court.

Nothing is presented by this appeal, except the question, whether, on the facts stated by the complainant, the cause is one of equitable jurisdiction.

The facts are, that the Southern Ice Machine Company sold to the Pascagoula Ice Company an ice machine, under a contract by which it was provided that the machine was to be erected and put in operation by the seller, in a house to be built by the purchaser in the town of Scranton. The machine was to be paid for partly in cash and partly in installments of six and twelve months. The contract contained provisions as follows: "It is further agreed upon between the parties hereto, that, upon the erection of said buildings by said party of the second part, and erection of said machine by the party of the first part, and before and after it is in complete running order, the party of the first part shall be the sole owners, and the machinery so erected and in running order shall be the property and title of the party of the first part; and the party of the second part agrees to execute a deed of trust on all their lands, buildings and machinery owned by them to the party of the first part, or such personal security as is acceptable to the party of the first part, to secure the payment of the notes given as above. . . The parties of the second part further agree to keep machinery and buildings insured in favor of the said Southern Ice Machine Company, to the amount as their interest may require. . . It is understood and agreed that, if, when the machine is completed and running, the parties of the second part prefer giving their sixty days' note for the second payment in lieu of cash, then the party of the first part agrees to accept said note, same being secured as the others mentioned."

After the machine had been constructed, there was some controversy between the parties relative to the capacity and sufficiency thereof, all of which resulted finally in the execution, by the defendant company to the Southern Ice Machine Company, of the following note:

"Scranton, Miss., May 4, 1892.

"Eight months and twenty days after date, for value received, we promise to pay to the order of Southern Ice Machine Company $3,450 (thirty-four hundred and fifty dollars), with interest at the rate of eight per cent. per annum, at the banking rooms of British-American Trust Company, in Scranton, Miss. Secured by vendor's lien on machinery of Pascagoula Ice Company, of Scranton, Miss."

This note the Southern Ice Machine Company indorsed, for value, to the appellant, which exhibited its bill in equity in the chancery court of Jackson county against the Pascagoula Ice Company, and against L. T. Belt, its president, and against one B. J. Jane, who had sold to the Pascagoula Ice Company the land on which the machine was erected, and held a vendor's lien thereon, seeking to subject the machine and the building in which it stands and the land to the payment of the note given as aforesaid. The bill avers that the complainant owned, by transfer and assignment, both the note and the contract under which the machine was sold, and was entitled to have the machine subjected, because the Southern Ice Machine Company had retained title thereto, which title it had assigned to the complainant. The complainant further claimed that it was entitled to have a specific performance of the agreements made by the Pascagoula Ice Company with the Southern Ice Machine Company to execute a mortgage on the machinery, buildings and land to secure the payment of the note, and to keep the property insured for the protection of the debt.

The defendant company admitted by its answer that the complainant was the assignee of the note and contract, and much testimony was taken by the parties respectively to prove and disprove (1) a failure of consideration to the extent of the amount of the note sued on, because of defects in the machine, (2) accord and satisfaction for all claims for defects of machine; (3) a waiver by the Southern Ice Machine Company of all security retained or stipulated for by the contract.

The cause was set for final hearing, and, while being heard, the defendant company asked leave to amend its answer by striking therefrom the admission that the complainant was the assignee of the contract between the Southern Ice Machine Company and itself, and to substitute therefor a denial of that averment contained in the bill.   This the court permitted to be done, and, thereupon the amendment having been made, the defendant moved the court to dismiss the bill for the want of proper parties defendant.   This motion the court sustained. The complainant, finding itself thus inched out of court, asked leave of the court to amend its bill by making the Southern Ice Machine Company a defendant.   This motion the court denied, upon the ground that the cause of action of complainant was, in its nature, legal, and that a court of chancery would not have jurisdiction were all the parties in interest parties to the suit.   The complainant appeals, and, averring that it was put out of court for one reason and kept out for another, assigns for error the action of the court in dismissing the bill, in refusing leave to amend, and in not granting relief on the bill as framed.

The right of the seller of personal property to make a conditional sale thereof, reserving title until payment of the purchase price, is too firmly settled in this state to admit of controversy.   *Duke* v. *Shackleford*, 56 Miss., 552; *Burnley* v. *Tufts*, 66 *Ib.*, 48.   But the reservation of the title is but as security for the purchase price, and if the property is recovered by the seller, he must deal with it as security, and with reference to the equitable rights of the purchaser.   *Duke* v. *Shackleford, supra; Dederick* v. *Wolfe*, 68 Miss., 500; *McPherson* v. *Lumber Co.*, 70 *Ib.*, 649; *Tufts* v. *Stone*, *Ib.*, 54.   Being but a security for the payment of money, the benefit thereof follows the debt when assigned, as an incident thereof.   *Kausler* v. *Ford*, 47 Miss., 289; *Kerr* v. *Moore*, 54 *Ib.*, 286; *Taylor* v. *Nelson*, *Ib.*, 524.

The jurisdiction of chancery to enforce conventional liens is

too well recognized to require argument or the citation of authorities. Indeed, in *Richardson* v. *Warnick,* 7 How. (Miss.), 131, it was earnestly insisted by eminent counsel that a statute conferring upon a common law court jurisdiction to enforce a statutory lien was unconstitutional, in that it vested that court with a part of the exclusive jurisdiction of equity. It was, however, decided that, while the jurisdiction in equity existed, it was not exclusive but concurrent.

We need not now decide whether the assignor of the note is a necessary party to a proceeding by the assignee to foreclose the lien in equity. The general rule is, that the holder of the legal title to property sought to be reached should be made a defendant to the bill, but the rule is more particularly applicable when the subject-matter is land. In this case the contract by which the title was reserved contains stipulations obligatory on the Southern Ice Machine Company, and, in order that a complete settlement of all matters involved may be made, it is proper that that company or its representative should be joined as a defendant.

*The decree is reversed, the cause remanded and leave given complainant to amend its bill as asked.*