(25 Misc. Rep. 363.)

## NATIONAL CASH–REGISTER CO. v. FERGUSON.

(Supreme Court, Trial Term, Westchester County. November, 1898.)

1. CONDITIONAL SALES—CONTRACT—CONSTRUCTION—PAYMENT.
By a conditional sale contract, defendant agreed to pay plaintiff "$325 in U. S. gold coin, or its equivalent, viz. $25 cash on delivery, and notes, $25 each, for the balance, payable monthly," title not to pass "until the same is paid for in full." *Held*, that payment under the contract was not completed by the cash payment and delivery of the notes.

2. SAME—DEFAULT—REMEDIES OF SELLER—REPLEVIN.
Where a contract of conditional sale provides that the seller may repossess himself of the property in default of any payment, he may replevy the property, on such default, without a return or tender, at the time of the demand, of the unpaid notes given for the price.

3. SAME—ELECTION OF REMEDIES.
Where property was conditionally sold to a partnership, and by it transferred to a corporation of the same name, without the seller's consent, the bringing of a suit against the corporation for the price, in the mistaken belief that the corporation was the vendee, is not such an election by the seller as will defeat his action of replevin for the property against the real vendee.

4. SAME—RESALE BY VENDEE—VALIDITY.
The vendee of personal property, under a contract by which title remains in the seller until payment of the price, cannot pass title by sale without the seller's consent.

Replevin by the National Cash-Register Company against George D. Ferguson for a cash register delivered by plaintiff to defendant under a conditional sale contract. At the close of the trial each party moved for the direction of a verdict. Judgment for plaintiff, with costs.

Perkins & Butler, for plaintiff.
Roger M. Sherman, for defendant.

MADDOX, J. By the conditional contract of sale the vendee agreed to pay "three hundred and twenty-five dollars ($325.00) in U. S. gold coin, or its equivalent, viz. twenty-five dollars cash on delivery, and notes, $25 each, for the balance, payable monthly." The words "or its equivalent" refer, not to the time of payment, but to the value of that which may be tendered as payment in lieu of "U. S. gold coin." They mean that the substitute therefor shall have a commercial value as good as "U. S. gold coin," thus being "its equivalent." The time of payment, if deferred, is then provided for by that which follows, "viz. twenty-five dollars cash on delivery, and notes, $25 each, for the balance, payable monthly," and the deferred payments are to be made "in U. S. gold coin or its equivalent." A written promise to pay cannot be said to be the equivalent to "U. S. gold coin," and consequently it follows that defendant's contention that payment, under the con-

tract, was completed by the cash payment and the delivery of the notes, cannot be sustained.

The default in payment and demand for possession are alleged by plaintiff, are not denied, and must be taken as admitted facts. Title was not to pass "until the same is paid for in full," and a careful reading of the contract leads to but one conclusion,—that the words "the same" refer to and mean the cash register.

Plaintiff's right to maintain this action does not, I think, depend upon a return or a tender of the unpaid notes at the time of the demand. The right of action, under the contract, accrued immediately upon the default in payment, whereupon plaintiff had the right to repossess itself of the property in controversy. But, if there be any doubt as to the last proposition,—which I do not here concede,—it was removed by the offer by plaintiff at the trial to surrender the unpaid notes, all of which were then past due. The contract was not with the corporation George D. Ferguson & Co., but was with a co-partnership trading under the firm name of George D. Ferguson & Co., and of which firm defendant is the surviving partner. Bearing in mind "that the title of said cash register shall not pass until the same is paid for in full," and that such payment has not been made, the attempted sale by the vendee to the corporation gave it no title whatsoever, and it does not appear that plaintiff in any wise assented thereto.

Defendant's contention that the bringing of suit, prior to the commencement of this action, by plaintiff against the corporation, to recover the balance of the contract price of said cash register, was an election, inconsistent with the theory upon which plaintiff must prevail, if at all, in this action, cannot be upheld. From a reading of the two complaints, it is most apparent that there was a want of knowledge of all the facts on plaintiff's part, since in the one against the corporation it is sought to charge it as the vendee named in the conditional sales contract. This, clearly, was a mistake, due, possibly, to the similarity of names of the vendee firm and the corporation. There is no evidence to justify the conclusion that plaintiff has waived the forfeiture provisions of said contract or its right to maintain this action.

Plaintiff's motion to direct a verdict in its favor should be granted, and defendant's motion denied, with an exception to defendant. Judgment is therefore directed for plaintiff, with costs.

Judgment for plaintiff, with costs.