## Daniel O. Abrams v. Franklin Rideout et al., etc.

1. APPELLATE COURT PRACTICE—*When the Verdict Must be Accepted as Conclusive.*—Where the evidence of either side standing alone in the record would support a verdict for the side to which it might be returned the verdict must be accepted as decisive of such controversy.

Assumpsit.—Common counts. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

MILLS BROS. and JACK & DECK, attorneys for appellant.

I. A. BUCKINGHAM, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellees against appellant for the recovery of commissions as real estate brokers for the sale by them, as alleged, of five acres of village property and a farm of eighty-two acres. The trial by jury ended in a verdict and judgment against the appellant for $132, to reverse which this appeal is brought, and to effect such reversal it is argued the verdict is contrary to the law and evidence of the case. No questions are raised as to the admission of evidence nor the instructions to the jury. If the jury believed the witnesses for the plaintiffs, they were justified in finding as they did. They were justified in finding that appellees sent Rhodes to appellant, who purchased the village property. The jury were also warranted in finding that appellees procured Fay as a purchaser for the farm, ready, willing and able to take it on the terms agreed upon; that Fay had written a letter binding himself, and capable of enforcement, or that appellant himself was at fault in not accepting Fay as a purchaser; and in either event appellant would be liable. If the jury believed the witnesses for appellant none of these things were true. Where the record shows the evidence as here delineated, an appellate court will not disturb the verdict because it is not sup-

ported by such evidence. It is the familiar rule that where the evidence of either side standing alone in the record would support a verdict for the side to which it might be returned, the verdict must be accepted as decisive of such conflict, and hence we must affirm the judgment.