Branstetter Motor Company v. Silverberg.

of the judgment of the Municipal Court, and its judgment is therefore affirmed.

*Affirmed.*

**Branstetter Motor Company, Defendant in Error, v. George M. Silverberg, Plaintiff in Error.**

### Gen. No. 13,735.

1. FINDING OF COURT—*when not disturbed as against the evidence.* The finding of the court in a cause tried without the intervention of a jury is entitled to the same weight as is accorded to the verdict of a jury, and it will not be disturbed on review as against the weight of the evidence, unless clearly and manifestly so.

2. REPLEVIN—*when lies to recover property conditionally sold.* Replevin lies by vendor against vendee to recover possession of personal property sold on condition that the title should remain in the vendor until full payment of the purchase price, when default has taken place in the payment of the purchase price according to the terms of the contract of sale.

Replevin. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 6, 1908.

E. J. ADLER and F. E. MATTHEWS, for plaintiff in error.

J. E. INGRAM, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The record of the Municipal Court is before us for review on a writ of error prosecuted from a judgment in a replevin suit for an automobile designated as a "National Car."

The controverted point between the parties is, was the sale conditional or absolute. The cause was tried by the court without the intervention of a jury, and the

finding of the trial judge is challenged as being contrary to the manifest weight of the evidence and the reasonable probabilities flowing from the proof. In other words, that the finding is contrary to logic and good sense. Plaintiff in error rests his contention on the probative force of the evidence alone, neither raising nor discussing any legal propositions.

We attach no importance to the claim that defendant in error sold the car for a Mr. Bunte, and that therefore it had no title to the car because it was sold on commission. If it was important, it is an all-sufficient disposition of the point to say that the record shows that the claim rests solely in the conclusions of counsel, unsupported by proof. Even had the car been sold for Bunte, the contract of sale between the only parties to it would be binding upon them in the absence of any counter claim. In any event no one could be heard to complain but Bunte, and defendant in error having sufficient title to pass it to Silverberg by bargain and sale, under which right the latter claims to be entitled to prevail and to retain the machine, defendant in error, if the sale was conditional, has a title sufficient to enable it to reclaim the machine on default in any of the conditions upon which the sale was made, and to maintain replevin to enforce such right and regain possession of the machine.

It is true that the evidence is contradictory and the contentions of each of the actors in the replevin suit diametrically opposed to each other. The burden of proving by a preponderance of the evidence that the sale of the machine was a conditional one, and also proving a breach of some material condition, was upon defendant in error. Silverberg stands alone as a witness to support his claim that he bought the machine with the agreement that he should pay for it in instalments, and that title passed by delivery. Arrayed against this testimony, and in affirmation of the claim that the sale was conditional, is the evidence of Harry P. Branstetter, president of the defendant in error, and

the bookkeeper, Charles H. McCausland. The character for veracity of neither of these witnesses having been impeached, their testimony must be treated as credible and worthy of belief. There is nothing of an impeaching character in their testimony as being at all inconsistent with environing conditions. There was no established course of dealing betwen the parties lending even a similitude of probability to the claim of Silverberg that he bought the machine partly for cash and partly on credit, the title passing to him upon delivery. He concedes that in another purchase of a machine from defendant in error the title did not pass until full payment for it was made.

The opportunities of the trial judge are superior to ours, in that he sees the witnesses, observes their demeanor upon the witness stand and their manner of testifying, and is the better able to determine from such opportunities whether there is any bias or feeling displayed by the witness, or whether the witness is fair and frank. Great weight must and should be given to the conclusions of the trial judge upon the facts, and a court of review will proceed with reluctance to disturb findings of fact by the trial judge, unless such findings are manifestly contrary to the clear probative force of the evidence. Where the uncontradicted proofs of a plaintiff are sufficient to sustain a judgment, a court of review will not interfere to disturb it, for the reason that there is countervailing proof making a sharp conflict on the facts between the parties. The findings of fact of the trial judge on controverted evidence are entitled to the same weight in a reviewing court as the verdict of a jury. Haug v. Haug, 193 Ill. 645; Miller v. Rendelman, 97 Ill. App. 115; Abrams v. Rideout, 101 Ill. App. 131.

A careful reading of the evidence inclines us to concur in the result reached by the trial court. Whether the machine was leased or sold on condition that title should remain in the vendor until full payment of the purchase price, is not of the essence of the right to

maintain replevin. In either condition, on breach, replevin would lie at the instance of the vendor.

While a conditional sale of the machine, with the agreement that the title should remain in the vendor until payment was fully made, would be void against third parties and judgment creditors, it is good as between the parties and binding upon them, and as between them enforcible at law.

The contract of the parties is a hard one in its operation upon Silverberg. By his failure to live up to the terms of his contract he has lost his money, and has no machine. But the contract is of his own making, and we have no power, even if we had the disposition, to change or modify any of its terms. By the contract and that alone must his rights be determined. Still we regard it as coming with ill and unconscionable grace for counsel to ask for an assessment of damages upon $500, which he claims to be the present value of the machine. The machine was sold conditionally upon the payment of $850. Of this amount $475 has been paid in money, leaving but $375 unpaid. Counsel say the machine is worth $500; be it so, there is still $125 margin left for damages. This strikes us as being not only ample but excessive compensation for any damage which the proof shows defendant in error suffered as a result of Silverberg's not fully performing his contract. The motion for the assessment of damages is denied.

The judgment of the Municipal Court being in accord with legal precedent, it is affirmed.

*Affirmed.*