# C. W. RAYMOND COMPANY v. SAM KAHN.[1]

January 30, 1914.

Nos. 18,341—(202).

**Conditional sale — replevin — action for unpaid instalments of price.**
 1. In . a so-called conditional sale contract, by which the seller retains
title to the property and the right to recover it on default of the buyer,
when the seller exercises this right and retakes the property, he cannot
thereafter maintain an action to recover unpaid instalments of the pur-
chase price.

**Quaere.**
 2. Whether partial payments made by the buyer are forfeited, in the ab-
sence of language to that effect in the contract, when the seller recovers
the property, is not decided.

**Replevin — condition precedent — return of partial payments.**
 3. It is not a condition precedent to the maintenance by the seller of an
action in replevin to recover the property, that he return or tender to the
buyer partial payments made or notes given for unpaid instalments.

**Same — answer — demand.**
 4. Where, in an action of replevin, the answer demands the restoration of
the property to defendant, a demand before suit is not necessary.

Action of replevin in the district court for Scott county to recover
certain machinery. The case was tried before Morrison, J., who
when plaintiff rested granted defendant's motion to dismiss the action.
From an order denying plaintiff's motion for a new trial, it appealed.
Reversed and new trial granted.

 *Peck & Moriarty,* for appellant.
 *F. C. Irwin,* for respondent.

[1] Reported in 145 N. W. 164.

Note.—The question of the right of a conditional seller to replevin property
without returning or offering to return purchase money is treated in a note in
38 L.R.A.(N.S.) 897.

 As to the purchaser's right to recover back payments where seller retakes
property, see notes in 32 L.R.A. 465 and 38 L.R.A.(N.S.) 891.

BUNN, J.

Action in replevin to recover possession of certain brick-making machinery. At the close of plaintiff's case the trial court granted a motion of defendant to dismiss the action, and afterwards denied a motion for a new trial. Plaintiff appealed.

The ultimate question here is whether or not the trial court was right in dismissing the action. The facts, as they appeared from the evidence and the admissions of the parties, are as follows:

On March 4, 1910, defendant ordered in writing of plaintiff a brick-making machine, dies and end cutting table, for which he agreed to pay $850 and freight from the factory. Of this sum, $200 was to be paid in cash with the order, $150 in cash at the time of delivery, $250 in three months from the date of shipment, and $250 in six months from such date. The last two payments were to be evidenced by negotiable promissory notes made by defendant, and dated on the day of shipment. The order recited that it was agreed that all of the articles specified were to remain the property of plaintiff and subject to its order until paid for in full, and that the giving of notes, or any payments on account, should not divest plaintiff of the title to the property until the purchase price was paid in full. The order further provided that in default of payment as agreed, the plaintiff might take possession of and remove the property without legal process. Plaintiff accepted the order in writing. The machinery was delivered to defendant in April. He paid the $200 cash with the order, and the $150 cash at the time of delivery, and he gave the two notes for $250 each called for by the contract, payable respectively three and six months from the date of the order. He failed to pay these notes when they became due or thereafter. And this action in replevin was brought in July, 1911, to recover possession of the machinery.

Defendant answered, claiming the right to possession, and damages for breach of warranty. The reply was a general denial. On the trial plaintiff proved the contract, the delivery of the machinery, the giving and nonpayment of the notes, which it was admitted were in the possession of plaintiff, and rested. The motion to dismiss was granted, on the ground that plaintiff was not entitled to recover the

possession of the machinery, because it had not returned or offered to return to defendant the cash payments he had made, or the two promissory notes.

Was it a condition precedent to plaintiff's right of recovery that it return or tender to defendant the cash payments made and the notes? The question is a new one in this state, and of considerable importance, in view of the great volume of business done under conditional sale contracts like the one here. The contract in this case clearly provided that the title to the property remained in the seller until the notes were paid, and as clearly gave the seller the right to take possession on the default of the purchaser. But it did not provide that the payments made should be forfeited.

1. It is thoroughly well settled in this state that, after retaking or recovering the property under a contract of this kind for a default of the buyer, the seller cannot thereafter maintain an action to recover a balance due on the purchase price, or on notes given therefor. The seller has the election (1) to reclaim the property; (2) to treat the sale as absolute and sue to recover the debt; (3) to bring an action to foreclose his lien. But the assertion of either right is the abandonment of the others. When the property is retaken by the seller no further rights exist under the contract against the purchaser. Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597; C. Aultman & Co. v. Olson, 43 Minn. 409, 45 N. W. 852; Keystone Mnfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Brother, 92 Minn. 134, 99 N. W. 784; Nelson v. International Harvester Co. 117 Minn. 298, 135 N. W. 808. It follows that plaintiff in the case at bar, having elected to retake the property, could not thereafter maintain an action on the notes given by defendant. These notes being negotiable, defendant would be entitled to have them delivered up and cancelled. Whether their delivery or tender to defendant is a condition precedent to plaintiff's maintaining an action to recover the property, is a different question which we will determine later.

2. The question whether the vendor on recovery of the property must account to the vendee for all or any part of the payments made is not necessarily involved in this appeal, but it may become involved

on the trial of this or some other action between the parties. We do not determine the question, but will refer to some of the authorities.

Mr. Tiffany, in his work on Sales, states that it is generally held that the seller need not, in an action against the buyer in replevin, refund partial payments made, and that, although the seller reclaims the goods, the buyer cannot recover for payments made. Tiffany, Sales, 140. It is stated in Cyc. that as a general rule the seller need not, in an action to recover the goods, allow for or refund partial payments, such payments being regarded as forfeited. 35 Cyc. 704. See, also, 6 Am. & Eng. Enc. (2d ed.) 438, where this is said to be the prevailing doctrine. The cases supporting this rule of absolute forfeiture are cited in the text-books referred to. But the authors recognize that other authorities hold that the partial payments may be recovered, while still others hold that the buyer, against the amount he has paid, should be charged with the reasonable value of the use of the property, and its depreciation in value. We do not decide that all partial payments made by the buyer are forfeited when the seller recovers the property. We do decide that, if not forfeited, the seller should be credited with whatever is determined to be the value of the buyer's use of the property, and the amount of its depreciation.

3. In either case it follows that the return or tender by the seller to the buyer of partial payments made, is not a condition precedent to the recovery of the property in an action of replevin. The title is in the seller, and the contract gives him a right to take possession of the goods on default of the buyer. When he does so, he does not, accurately speaking, rescind the contract. He acts under it. The contract is executory, rather a contract to sell than a sale. The rule requiring one who rescinds a contract to put the other party in statu quo should not apply. Otherwise, the buyer may have the use of the property for a long time, and it may greatly deteriorate in value, and still the seller, to exercise his undoubted right to retake it for a default of the buyer; must pay back all the payments he has received, as well as cancel the unpaid indebtedness of the buyer. This rule seems as harsh against the vendor, as the rule forfeiting all payments seems harsh against the vendee. The following cases among

others hold distinctly that the return or tender to the buyer of partial payments made, or of notes given, is not a condition precedent to maintaining an action in replevin. Fleck v. Warner, 25 Kan. 492; Duke v. Shackleford, 56 Miss. 552; Tufts v. D'Arcambal, 85 Mich. 185, 48 N. W. 497, 12 L.R.A. 446, 24 Am. St. 79; Kirby v. Tompkins, 48 Ark. 273, 3 S. W. 363; National Cash Register Co. v. Ferguson, 25 Misc. 363, 55 N. Y. Supp. 592; Latham v. Summer, 89 Ill. 233, 31 Am. Rep. 79.

There are cases to the contrary. Segrist v. Crabtree, 131 U. S. 287, 9 Sup. Ct. 687, 33 L. ed. 125, where it is said, in the course of the opinion, that "the court below properly held that they could not retake the cattle while they retained the notes." Latham v. Davis (C. C.) 44 Fed. 862, where it is said that the better rule is that in reclaiming the property the seller rescinds the contract of sale so far as it has been executed, and is therefore bound to restore to the buyer anything he may have received. It is not expressly held that such restoration is a condition precedent. Ketchum v. Brennan, 53 Miss. 597, which distinctly so holds, but was overruled in Duke v. Shackleford, supra. Fairbanks v. Malloy, 16 Ill. App. 278, which is not in line with Latham v. Sumner, supra. Shafer v. Russell, 28 Utah, 444, 79 Pac. 559, where it is simply stated that it is not correct that the buyer forfeits payments already made. Deering Harvester Co. v. Donovan, 82 Minn. 162, 84 N. W. 745, 83 Am. St. 417, is not at all in point.

We adopt what we conceive to be the better rule, fairer to both parties; that is, that the return by the vendor or offer to return partial payments is not a condition precedent to retaking the property, or to maintaining an action in replevin for that purpose. And we do not base this on the ground that such partial payments are forfeited. What the rights of the parties are in regard to the adjustment of the accounts between them, may be determined, if not in the replevin action, in some other proceeding. As to how these rights affect the final determination of the replevin action, if at all, we do not decide. We call attention to two cases bearing upon the question. Commercial Publishing Co. v. Campbell Printing Press & Mnfg. Co. 111 Ga. 388, 36 S. E. 756; Thirlby v. Rainbow, 93 Mich. 164, 53 N. W. 159.

As to the notes given for the unpaid instalments, it is clear under

our decisions, as already stated, that they should be returned to the buyer. But we think such return or offer to return is not a condition precedent to maintaining the replevin action. If defendant demanded it, the court could protect his rights fully by ordering plaintiff to return the notes before judgment.

4. It is claimed that the dismissal of the action can be sustained on the ground that there was no demand before suit for delivery of the property. But the answer demanded the return of the property to defendant. Under our decisions this showed that defendant would not have complied with a demand, and it was therefore unnecessary. Guthrie v. Olson, 44 Minn. 404, 46 N. W. 853; 3 Dunnell, Minn. Dig. § 8409.

Our conclusion is that the trial court should have denied the motion to dismiss, and tried the case on the merits.

Order reversed and new trial granted.