Charles A. Wahrer et al., copartners, trading as Wahrer Brothers, Appellants, v. William J. O'Connor, Appellee.

## Gen. No. 22,726.

1. TROVER AND CONVERSION, § 47*—*what is correct measure of damages for conversion.* The correct rule for the measure of damages in actions in trover is that of the value of the property on the day of the conversion.

2. TROVER AND CONVERSION, § 40*—*when instruction on measure of damages in action of trover is erroneous.* In an action of trover for the value of goods sold on partial payments, where the title and right of possession were to remain in the seller until the goods were fully paid for, an instruction that the measure of damages would be the value of the goods at the time of conversion less the amount of the partial payment or payments made, *held* to be erroneous.

3. TROVER AND CONVERSION, § 38*—*when evidence as to value of goods is inadmissible in action of trover.* In an action in trover for the value of goods, evidence as to their wholesale value *held* to be incompetent, as the proper inquiry should be as to their fair market retail value at the time of their conversion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wahrer v. O'Connor, 204 Ill. App. 330.

Appeal from the Municipal Court of Chicago; the Hon. JOHN
STELK, Judge, presiding.  Heard in this court at the October term,
1916.  Reversed and remanded.  Opinion filed March 12, 1917.

KRAFT, KRAFT & ERSKINE, for appellants; ARTHUR L.
OLSON, of counsel.

No appearance for appellee.

MR. JUSTICE DEVER delivered the opinion of the
court.

This is an appeal from a judgment of the Municipal
Court in a replevin suit brought by plaintiffs against
the defendant, wherein the jury returned a verdict
finding the defendant guilty and assessing plaintiffs'
damages in the sum of one cent.

The evidence discloses that plaintiffs had sold to de-
fendant a pair of diamond set earscrews, for which de-
fendant agreed to pay $75, in instalments of $2 per
week until the full amount was paid.  It was further
agreed in the contract that the title, ownership and
right to possession to the property in question should
remain in the plaintiffs until the sum due under the
contract should be fully paid; and further, that the de-
fendant would return the property to plaintiffs on de-
mand in the event that he failed to pay therefor as
provided.  The last payment on the contract was made
by defendant on September 23, 1914, at which time he
had paid a total sum of $40.50.  On default of further
payments a demand was made by an agent of the plain-
tiffs for a return of the property, but defendant re-
fused to comply therewith.

By leave of court a statement in trover was filed, to
which the defendant pleaded the general issue.

On his own behalf the defendant testified that he in-
formed plaintiffs that he had learned the earscrews
were not worth $75, and that he would not pay any-

thing more until they had made "the price right"; that he had submitted the matter of the value of the property to an expert, one Edward W. Rew. Rew testified that the earscrews were worth about $45 (here in Chicago) and that their wholesale value was about $30.

The judgment of the Municipal Court must be reversed for the error of the court in giving the following instruction:

"The court instructs the jury that if they find the issues in this case in favor of the plaintiffs they will assess the damages in favor of the plaintiffs and that the measure of damages so to be assessed is the value of the property at the time of its conversion, with interest from that date at 5 per centum (5%) per annum, but the jury should deduct from the amount which they find to have been the value of the property on the day of conversion, the amount which the defendant had paid to the plaintiffs upon his contract in this case, and your verdict therefore should be in the amount of the difference between the actual value of the property on the day of conversion and what had been paid under said contract. If you find for the plaintiff, therefore, you must assess the damages in his favor in at least the sum of one cent, but in any event not more than $24.50."

This instruction is erroneous for two reasons: First, it is not the law that in trover cases similar to the one at bar "the jury should deduct from the amount which they find to have been the value of the property on the day of conversion, the amount which the defendant had paid to the plaintiffs upon his contract in this case." The correct rule for the measure of damages in actions in trover is that of the value of the property on the day of the conversion, and however harsh the application of this rule may be in certain cases, we find no authority for the position taken by the trial court that the amount paid by the defendant upon his contract could be deducted from the price which he had agreed to pay.

In *Branstetter Motor Co. v. Silverberg,* 140 Ill. App. 451, a case very similar in principle to the one under consideration, the court, speaking through Mr. Presiding Justice Holdom, said:

"The contract of the parties is a hard one in its operation upon Silverberg. By his failure to live up to the terms of his contract he has lost his money, and has no machine. But the contract is of his own making, and we have no power, even if we had the disposition, to change or modify any of its terms. By the contract and that alone must his rights be determined."

The decision in this case seems to be well supported by authority.

"As a general rule the seller need not in an action to recover the goods or the value thereof allow for or refund partial payments, such payments being regarded as forfeited." 35 Cyc. 704, title "Sales." In *Latham v. Sumner,* 89 Ill. 233, it was held that the retaking of possession of property, in a case essentially similar to the instant case, was but in accordance with the contract and the vendor was held not to be liable to refund certain payments made to him. See also, *Herbert v. Rhodes-Burford Furniture Co.,* 106 Ill. App. 588. "But if the condition of payment is not fully complied with or is waived, the original vendor's rights become perfect and absolute, and he may follow the property in whosever hands it is, or recover its full value, without any deduction for any partial payments made by the original vendee; at law they are all forfeited." Benjamin on Sales (Ed. 1892), 283.

Second, the court also erred in instructing the jury that it "must assess the damages in his favor in at least the sum of one cent, but in any event not more than $24.50." Expert testimony was introduced upon the trial by both plaintiffs and defendant as to the value of the property in question. The witness for plaintiffs testified that the property was worth the

contract price of $75; on cross-examination by the court, however, this witness said: "The wholesale value of the property at the time of conversion was $65"; and it is evident that the court meant to instruct the jury that the market value of the property must be taken, as a matter of law, to be its wholesale value and not its retail value. Evidence as to the wholesale price was incompetent; the proper inquiry should be as to the fair market value at the time of the conversion. The court erred in its instruction to the jury that it was required to accept as the test of market value the wholesale price and to allow credits for payments made.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*