NIMAN *v.* STORY & CLARK PIANO CO.

1. SALES—CONDITIONAL SALE—DEFAULT—ASSUMPSIT TO RECOVER
   AMOUNT PAID—EVIDENCE—SUFFICIENCY.
   In an action of assumpsit by the buyer of a piano on a con-
   tract to recover the amount paid thereon, which the seller
   retained on retaking possession, on plaintiff's default in
   payment, no recovery could be had in the absence of any
   proof by plaintiff of the value of the use of the piano
   or of any depreciation in its condition.

2. SAME—CHATTEL MORTGAGES—RESERVING TITLE AS SECURITY.
   A contract for the sale of a piano, on a down payment and
   a stipulated sum monthly, the title to remain in the seller
   until fully paid for, and providing that in case of the
   buyer's default the whole sum remaining unpaid might,
   at the seller's option, become immediately due and payable
   without notice or demand, and, upon request, the buyer
   should deliver the piano to the seller, and in case of his
   failure to do so, the seller might retake it without de-
   mand, and, if so delivered or retaken, the seller might
   retain it, terminate the agreement, and keep all money
   paid as compensation only for the use, wear, depreciation,
   and expense of repossessing it, *held*, a contract for secur-
   ity only.
   WIEST, J., dissenting.

Error to Wayne; Dingeman (Harry J.), J.   Sub-
mitted January 4, 1921.   (Docket No. 24.)   Decided
March 30, 1921.

Assumpsit in justice's court by Mack Niman against
the Story & Clark Piano Company for money had and
received.   There was judgment for plaintiff, and de-
fendant appealed to the circuit court.   Judgment for
defendant on a directed verdict.   Plaintiff brings
error.   Affirmed.

*McKee Robison,* for appellant.

*Barbour, Field & Martin* (*Henry C. L. Forler,* of
counsel), for appellee.

On right of purchaser on conditional sale to recover payments
where the seller retakes the property, see notes in 38 L. R. A.
(N. S.) 891; 51 L. R. A. (N. S.) 251.

Wiest, J. January 23, 1917, the plaintiff entered into a written agreement with defendant under which he agreed to pay $475 for a piano, and at that time paid $340, the balance to be paid in monthly payments of $10. The piano was delivered to plaintiff but title thereto retained by defendant until the piano was fully paid for, and it was agreed in case of default in payment the whole sum remaining unpaid might, at defendant's option, become immediately due and payable without notice or demand, and upon request plaintiff was to deliver the instrument to defendant and in case of his failure to do so defendant might retake the same without demand. The agreement also provided:

"And if said instrument is so retaken or redelivered, Story & Clark Piano Co. may, at its option, retain said instrument and thereupon terminate this agreement, and keep all moneys theretofore paid to Story & Clark Piano Co., or its assigns, by the subscriber, as compensation only for the use, wear, depreciation and expense of repossessing said property."

No further payments were made, and in July, 1917, plaintiff was notified of his default and of defendant's election to declare the agreement "forfeited and at an end," and demand for surrender of possession of the piano was made. Plaintiff did not surrender the piano or make payment, and suit in replevin was brought by defendant in justice's court and judgment was rendered in its favor. Plaintiff then brought this suit in assumpsit in justice's court to recover the amount he had paid on the piano, and recovered judgment, and the case was appealed to the circuit court where it was held that he could not recover and verdict was directed for defendant.

Plaintiff brings the case here, claiming that the trial judge was in error in so directing a verdict. Plaintiff contends that his right to recover should be determined upon a consideration of equitable principles

only; that if this is done this court, in effect, in its decisions, has affirmed his right to recover; that defendant, having rescinded the agreement, should not, in equity, be permitted to defend thereunder; that, if permitted to so defend, then the provisions of the agreement relative to the forfeiture of all the moneys paid by plaintiff prior to default are unenforceable as being stipulations providing for a penalty; that if defendant is permitted to invoke such provisions of the agreement they are so unjust and unconscionable in their operation as to be unenforceable in an equitable action like assumpsit and are contrary to public policy, and that the burden was upon defendant to show the rental value, depreciation of the piano in value, and the expense of its retaking.

We have examined the cases cited by plaintiff and find none sustaining his right to recover. This court has not held that under such an agreement the vendee may make default and employ his default as a reason for invoking equitable principles to rid himself of his agreement. Our decisions are to the contrary. *Perkins* v. *Grobben*, 116 Mich. 172 (39 L. R. A. 815) ; *Van Den Bosch* v. *Bouwman*, 138 Mich. 624; *Satterlee* v. *Cronkhite*, 114 Mich. 634.

In *Dewes Brewery Co.* v. *Merritt*, 82 Mich. 198 (9 L. R. A. 270), it was said:

"This court has gone very far in sustaining conditional sales, and has never declared them void, or different from what the parties have intended by their agreement."

Defendant in pursuing the course fixed by the agreement has not rescinded the agreement so as to give plaintiff a right of action and is not cut off from the right to rely upon its provisions. *C. W. Raymond Co.* v. *Kahn*, 124 Minn. 426 (145 N. W. 164, 51 L. R. A. [N. S.] 251) ; *Pfeiffer* v. *Norman*, 22 N. D. 168 (133 N. W. 97, 38 L. R. A. [N. S.] 891).

Plaintiff does not claim that he desires to perform his agreement and has made no offer to pay what he owed on the piano, but plants his right to recover upon the broad claim that equity does not favor forfeitures and the action of assumpsit admits of the application of certain equitable principles and he ought not to lose what he has paid, even though he has lost it through his own default and in accordance with his agreement.

Plaintiff asks us, in effect, to hold that by reason of his default in making payment as he agreed he may maintain this action by appealing to equitable considerations. We need only to cite as to this the observation made by Lord Loughborough in *Lloyd* v. *Collett,* reported in a note to *Harrington* v. *Wheeler,* 4 Vesey's Ch. 689:

"An equity out of his own neglect! It is a singular head of equity."

In some of the States, the statutes regulate the right of repossession and of refund under conditional sales, but in a much modified way from that claimed by plaintiff here.

In *Downey* v. *Riggs,* 102 Iowa, 88 (70 N. W. 1091), a case analogous to this, it was said:

"On what theory is plaintiff entitled to recover? Where is the promise, either express or implied, to return the money paid? Plaintiff is at fault in not performing his contract. Can he, by taking advantage of his own wrong, recover back the payment he has made? These questions have been fully answered by the authorities. * * * The instances in which a vendee who is in default may recover payments made have thus been stated by Welles, J., in *Battle* v. *City Bank,* 5 Barb. (N. Y.) 414: * * *

"'*First,* where the rescission is voluntary, and by the mutual assent of both parties, and without default or wrong of either; *second,* where the vendor is incapable or unwilling to perform the contract on his part; or, *third,* where the vendor has been guilty of fraud in making the contract. In either of these cases

it would be against equity and conscience for the vendor to retain the money, and the law implies a promise on his part to refund it. But in a case where the vendor has in all respects performed his part, and the rescission is entirely in consequence of the unexcused default of the vendee in making further payment, to allow him to recover back the money paid would, in my opinion, be little short of offering a bounty for the violation of contracts.' "

See, also, *Mohler* v. *Guest Piano Co.*, 186 Iowa, 161 (172 N. W. 302), and cases there cited.

In *Pfeiffer* v. *Norman, supra,* the question here presented was decided adversely to plaintiff, the court stating:

"The question then arises whether, on the termination of such a contract, caused by the default of the vendee, the vendee may recover the partial payments made thereon. * * * To hold that he might do so would lead to startling results. * * * Such contracts are intended to make possible and secure the sale of property on small payments, either at the time of sale or subsequently, and a large percentage of the transactions, both in real estate and personal property, in this State, is conducted in this manner. To hold that by reason of his own default the vendee can recover all his payments would work a revolution of business methods long established, and in the end result in untold hardships to vendors. Notwithstanding the fact that in some instances the vendee may be exposed to hardship by a denial of his right to recover all the payments made, we see no sound reason based on logic or authority warranting us in holding that he may do so."

We cannot raise a promise on defendant's part to refund the payments in the face of plaintiff's agreement that the same should not be refunded. The conditional sale agreement governs and the judgment below is affirmed, with costs.

MOORE, J., concurred in the result.

213—Mich.—26.

SHARPE, J. I concur in affirmance for the reason that the plaintiff offered no proof of the value of the use of the piano or of any depreciation in its condition. I think, however, the contract was one for security only, as held in *Young* v. *Phillips*, 202 Mich. 480, 203 Mich. 566, and cases there cited.

STEERE, C. J., and FELLOWS, STONE, CLARK, and BIRD, JJ., concurred with SHARPE, J.