SAMUEL GOLDBERGER *vs.* MORRIS FLINK *et al.*

FEBRUARY 16, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity wherein the complainant seeks to have the respondents declared trustees of the proceeds of a sale of certain chattels. The cause is here on appeal from the Superior Court dismissing the bill.

In May, 1928, one David Perlman sold to one Dugas certain restaurant equipment. Payment was made partly in cash and the balance by twelve promissory notes all dated May 18, 1928, and payable one each month for twelve months.

By the terms of sale title in said equipment remained in Perlman until all of the notes were paid. Perlman sold the

first eight notes to mature to the respondent Flink and assigned to him the bill of sale. Later he sold the remaining four notes to the complainant. After paying three notes Dugas defaulted payment of the fourth and the respondent Flink took possession of the chattels and sold them to the respondent Gingras for $1,300. The appeal as to this respondent was abandoned, leaving Flink now the sole respondent.

The complainant does not allege fraud or collusion but rests his right to relief on the proposition that the conditional sale was in effect a mortgage and thus was security for all of the notes.

We have held that a conditional sale is analogous in some respects to a mortgage. *Hamblin, Inc.* v. *Sprague,* 50 R. I. 99. "The analogy between notes secured by conditional bills of sale and notes secured by chattel mortgages, or notes secured by mortgages, is marked. And the rule that the mortgage is an incident or accessory of the debt is universal." *Waterbury Trust Co.* v. *Weisman,* 94 Conn. 210. See also *Esty & Green* v. *Graham,* 46 N. H. 169; *Ross-Meehan Brake Shoe Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 608.

In the case of a mortgage securing several notes there is a conflict of authority as to the disposition to be made of the proceeds of a sale after a default when the mortgagee has sold the notes to several persons. We need not consider the conflicting rules as to priority followed by the different courts for it is well settled that the mortgagee may give priority to the transferee of any note or notes and such priority need not be explicitly given but may be inferred from the circumstances surrounding the transfer. *Chew, Adm.* v. *Buchanan,* 30 Md. 367; *Grattan* v. *Wiggins,* 23 Cal. 16 at p. 30; *Preston* v. *Morsman,* 75 Neb. 358.

In the present case the respondent paid the face value of the notes purchased by him while the complainant purchased his notes at a considerable discount. Perlman testified that he told the complainant when he sold him the four

notes that he was to collect on said notes after the respondent got his money. This testimony is not contradicted by the complainant. Moreover, he testified that after his purchase of the four notes he saw the respondent and asked that the bill of sale be delivered to him, after the respondent received his money.

Under these circumstances we are of the opinion that it was the intention of the original payee of the notes that respondent should have priority as to his eight notes over the four notes sold to the complainant, and that it was so understood by the complainant.

As the amount received from the sale of the chattels was insufficient to pay the notes held by the respondent there remains nothing in his hands for which he is accountable to the complainant.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause remanded to the Superior Court.

*McGovern & Slattery, Edward Goldberger,* for complainant.

*Robinson & Robinson, Edmund Wexler,* for respondent Flink.

*William V. Griffin, Taft & Beane,* for respondent Adelard J. Gingras.