---

## In re SAX.

### (District Court, E. D. Pennsylvania. December 20, 1905.)

#### No. 2,067.

BANKRUPTCY—SUMMARY ORDER TO PAY OVER MONEY—GROUNDS.

> A bankrupt should not be summarily ordered to pay over money or deliver property to his trustee, unless the court is morally certain that he has been guilty of fraudulent concealment and that obedience to the order can be enforced. That he has failed to account satisfactorily for goods which went into his business is not sufficient to warrant such an order, where he denies the concealment of any money or property belonging to the estate, and the fact of concealment has not been made to appear by convincing evidence.

In Bankruptcy. On certificate from referee.

Furth & Singer, for bankrupt.

Wessel & Aarons, for trustee.

J. B. McPHERSON, District Judge. An attentive reading of the testimony has satisfied me that the referee's order cannot be supported. He directed the bankrupt to pay over to his trustee the sum of $2,305 in cash, basing the order upon the finding:

"That the said bankrupt, Henry Sax, has in his possession, or controls, the sum of $2,305 in cash, or in goods of that value, being the assets and property belonging to his estate in bankruptcy, which he fraudulently and unlawfully conceals from the said trustee in bankruptcy."

The alternative form of this finding suggests the lack of certainty in the evidence, and when it is added that there is not a word of testimony to support the additional finding—

"That the bulk of the goods purchased by the bankrupt during the last three months preceding his bankruptcy either never reached the store, or else were clandestinely and fraudulently removed therefrom,"

—enough has been said, I think, to indicate the reason why the order cannot stand.

Fraud must be proved, and is not to be presumed. I do not deny

that the bankrupt, who is certainly not a literate person, has probably failed to account satisfactorily for some of the merchandise that went into his business during the year before his failure, but calculations and estimates based on such uncertain evidence as is now before the court are not reliable enough to justify an order that may send a man to jail for an indefinite period. If it be clearly shown that a bankrupt has money or goods in his possession that belong to his trustee, he must take the consequences of a refusal to hand them over, but he should not be summarily directed to pay unless the court is morally certain that there has been concealment and that obedience to the order can be enforced. If the bankrupt has been guilty of fraudulent concealment, but no longer has the goods or the money, he should be prosecuted. He should not be imprisoned on a summary proceeding for contempt, unless he is disobeying an order with which he is able to comply. The Court of Appeals of this circuit has given us instructions on this subject in Trust Co. v. Wallis, 11 Am. Bankr. Rep. 360, 126 Fed. 464, 61 C. C. A. 342, to which I refer as authority for the proposition that, where the bankrupt denies the averment that he is concealing property which belongs to the estate, the fact of concealment must be made out by testimony of unusual cogency:

"The court may, by summary order, direct the delivery and turning over to the trustee by the bankrupt, or by any third person holding the same under his order and control, any property which, prior to the filing of the petition, the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process against him. For disobedience of such order, the court in bankruptcy undoubtedly has the power, by attachment for contempt, to enforce compliance with such order, and punish refusal to comply. This power, however, is far reaching and drastic, and must be exercised with cautious discretion. If the bankrupt denies that he has possession or control of the property, or if a third person in possession thereof claims to hold it, not as the agent or representative of the bankrupt, but by title adverse to him, and there is no evidence to indisputably show that such denial or claim is false or fraudulent, and that the case is one of simple concealment or refusal on the part of the bankrupt, or of the one in possession, to deliver up the property as ordered, it would be an unwarranted stretch of power on the part of the court to resort to a summary proceeding for contempt for the enforcement of its order. In the absence of fraud or concealment, the bankrupt court can only order the delivery of property to the trustee which the bankrupt is physically able to deliver up, having the same in his possession or control. If it shall appear that he is not physically able to deliver the property required by the order, then confessedly proceedings for contempt, by fine and imprisonment, would result in nothing, certainly not in compliance with the order."

The order of the referee is therefore reversed.