## CHARLES H. BROWN PAINT CO. v. ROCKHOLD.

### In re CURTIS-CLARK CO.

(Circuit Court of Appeals, Fifth Circuit.   November 26, 1920.)

No. 3574.

1. **Bankruptcy ⬨439—Summary order reviewable by petition to revise.**
   A summary order adjudicating an adverse claim of which the court was without jurisdiction in such proceeding is reviewable by petition to revise.

2. **Bankruptcy ⬨224—Referee without summary jurisdiction to adjudicate adverse claim.**
   A referee is without jurisdiction by a summary order to require the return of property by an adverse claimant, to whom it was transferred by bankrupt more than four months prior to bankruptcy.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

In the matter of the Curtis-Clark Company, bankrupt; George F. Rockhold, trustee. Petition by the Charles H. Brown Paint Company to revise order of District Court. Reversed.

Charles P. Thompson, of Dallas, Tex., for petitioner.

Lewis M. Dabney and Robert Allan Ritchie, both of Dallas, Tex., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge.   June 10, 1918, the Curtis-Clark Company was adjudged a bankrupt, and thereafter D. F. Rockhold, trustee, filed an application before the referee to compel the return by petitioner of certain merchandise, which petitioner was alleged to have acquired without complying with the laws of Texas relating to sale of merchandise in bulk, more than four months prior to the bankruptcy proceedings. In a summary proceeding the referee entered an order requiring petitioner to pay over to the trustee the sum of $2,938.43, which he found to be the value of the merchandise, together with interest thereon, and also expunging the petitioner's claim as creditor against the bankrupt estate. Upon a certificate for review, this order of the referee was affirmed by the District Judge.

[1] The matter is here on petition to superintend and revise. The

trustee moves to dismiss the petition on the ground that a review of this order can only be had on appeal. In view of the fact that this is a summary order and the merits of an adverse claim are sought to be summarily adjudicated, the order complained of may be reviewed on petition. In re Abraham, 93 Fed. 767, 35 C. C. A. 592; Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537.

[2] The assignment of error to the effect that the referee was without jurisdiction is, we think, sustained on principle and by the authority of In re Abraham, supra. Ample remedy is available to the trustee in a plenary suit, and it was not seriously contended that the referee had jurisdiction.

The order of the referee, complained of, is vacated and set aside, without prejudice to the right of the trustee to pursue such remedy in a plenary suit as he may be advised.