## In re HANSON.

District Court, D. Minnesota, Fourth Division.
July 27, 1926.

1. Bankruptcy ⬩⬩⬩287(1)—Refereee has no jurisdiction to determine ownership of property, where plenary suit is necessary.

If a plenary suit is necessary to determine ownership of property, a referee is without jurisdiction to determine it.

2. Bankruptcy ⬩⬩⬩288(5)—Referee has summary jurisdiction to determine right to property in custody of court.

If property is in the custody of the bankruptcy court, any controversy raised by an adverse claimant, setting up title to or lien on it, may be determined in summary proceedings in that court, and is within the jurisdiction of a referee.

3. Bankruptcy ⬩⬩⬩288(5)—Where property is in possession of adverse claimant under contract made more than four months before petition is filed, plenary suit is necessary.

Where property is not in possession or control of the court, or of the bankrupt, or any one representing him at the time petition is filed, and not in the custody of the court at the time of the controversy, but in actual possession of another under an adverse claim of ownership, based on a contract or conveyance made more than four months prior to institution of bankruptcy proceedings, a plenary suit is necessary to set aside the contract or conveyance and subject the property to administration by the court.

4. Bankruptcy ⬩⬩⬩288(6)—Court held without jurisdiction to summarily adjudicate bona fide adverse claim.

Where one asserts an adverse claim to property in his possession, claimed to belong to bankrupt, the bankruptcy court has power to determine whether any basis for such claim actually exists, and if it is not merely colorable, even though fraudulent and voidable, it must decline to finally adjudicate on the merits.

5. Bankruptcy ⬩⬩⬩288(2)—Referee held without jurisdiction to determine right to property in possession of sheriff under writ of replevin.

Where, at the time of filing of petition, property was in possession of a sheriff under writ of replevin in an action against bankrupt, referee *held* without jurisdiction by summary order to determine its ownership.

In Bankruptcy. In the matter of A. Jennings Hanson, doing business as the Oak Tree and the Little Brown Jug, alleged bankrupt. On review of order of referee. Reversed.

Jesse Van Valkenburg, of Minneapolis, Minn., for petitioner.

Harold W. Cox, of Minneapolis, Minn., for receiver.

JOHN B. SANBORN, District Judge. On February 12, 1926, the involuntary petition was filed, and Louis H. Schnedler was appointed receiver and qualified. The order of appointment required all persons having any property belonging to the estate of the alleged bankrupt to deliver possession thereof to the receiver. On December 5, 1923, George E. Holmes, the petitioner herein, sold to A. Jennings Hanson—who will be referred to as the bankrupt—personal property consisting of restaurant equipment located at 319–321 Fourteenth Avenue Southeast, Minneapolis, Minn., for the sum of $8,700, under a conditional sales contract, by the terms of which title was reserved by the vendor until all of the installment payments provided for in the contract had been made. This contract was duly filed in the office of the city clerk of the city of Minneapolis on March 21, 1924.

On January 5, 1926, the bankrupt being in arrears for the installment payments due in the months of November and December, 1925, the petitioner commenced an action in the municipal court in the city of Minneapolis against the bankrupt, and recovered judgment for the sum of $317.95. On February 1, 1926, the judgment was transcripted to the district court of Hennepin county, and an execution was issued, which, on February 2, 1926, was returned unsatisfied. On the same day the petitioner commenced an action in the district court of Hennepin county for the appointment of a receiver of the estate of the bankrupt, alleging insolvency and the return of the execution unsatisfied. The order to show cause issued on the application was returnable on February 13, 1926, and the matter was continued and thereafter stricken. The judgment has not been satisfied, nor the application for a receiver dismissed.

On February 11, 1926, one day before the filing of the involuntary petition herein, the sheriff of Hennepin county took possession of the personal property sold under the conditional sales contract, upon a writ of replevin in an action brought by the petitioner against the bankrupt on the same day, in which action the petitioner claimed to be the owner of the property. The bankrupt had also defaulted in the payment of the January, 1926, installment, and notice of default had been served upon him, as provided in the contract, and that default was not remedied during the time provided for in the contract. Immediately after the appointment of the receiver, he demanded possession of the personal property from the sheriff of Hennepin county, which possession was refused until February 26, 1926, at which time he delivered possession to the receiver, together with the following statement:

"This is to advise you that I hereby tender possession to you as such receiver of the property now located at 319–321 Fourteenth Avenue Southeast, Minneapolis, which I hold as such sheriff under a levy made by me in an action in claim and delivery pending in the district court of Hennepin county, Fourth judicial district of Minnesota, which said levy was made on February 11, 1926. I do not deliver this possession voluntarily, but solely because of the terms of the order of Hon. Joseph W. Molyneaux, judge of the District Court of the United States for the District of Minnesota, dated February 12, 1926, by which you were appointed as such receiver, and a subsequent order of said court construing said receivership order, and because I believe said orders to be a direction to me as such sheriff to deliver possession of said property to you, and not otherwise. Yours truly, [Signed] Earle Brown, Sheriff of Hennepin County, by John P. Wall, Deputy."

The subsequent order referred to in this communication was made February 23, 1926, upon an application by Holmes for a construction of the order appointing the receiver; his request being that the order be so construed as not to affect the sheriff of Hennepin county in connection with the replevin action. The court refused to construe the order as requested, or in such a way as to entitle the petitioner to receive the chattels from the sheriff. Thereafter a stipulation was entered into between the petitioner and the receiver, without prejudice to any of the rights of either, pursuant to which the petitioner placed the sum of $1,000 in the hands of the receiver in lieu of the personal property.

The referee in bankruptcy, on March 9, 1926, made an order directing the petitioner to propound his claim, whereupon the petitioner appeared specially and objected to the jurisdiction of the referee, on the ground that the petitioner was entitled to a plenary trial of the controversy in the state courts. All of the facts with reference to the matter were before the referee under the stipulation of the parties, and he made his order, based on such stipulation, to the effect that the petitioner, George E. Holmes, had no right, title, or interest in or to, or lien upon, the $1,000 deposited with the receiver in lieu of the personal property. It is this order that this court is asked to review.

The petitioner claims title to the personal property by virtue of the contract. The receiver claims title to it on the ground that, by suing and recovering judgment for installments due, the petitioner lost his title and right to possession. While there is a conflict of authority upon the question, the decisions of this state seem to support the position of the receiver upon this question. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W. 1113, L. R. A. 1916A, 912; Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L. R. A. (N. S.) 251; Nelson v. International Harvester Co., 117 Minn. 298, 135 N. W. 808; Alden v. Dyer & Bro., 92 Minn. 134, 99 N. W. 784; Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597; Third Nat. Bank v. Armstrong, 25 Minn. 530.

[1] The petitioner, however, takes the position that he is an adverse claimant of the property and has the right to contest the matter in a plenary suit. If a plenary suit was necessary for a determination of the controversy, the referee had no jurisdiction to hear and determine it. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898.

[2] If property is in the custody of the bankruptcy court or its officer, any controversy raised by an adverse claimant setting up a title to or lien upon it might be determined in summary proceedings in that court, and would be within the jurisdiction of the referee. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405.

[3] Where property is not in the possession or control of the court, or of the bankrupt, or any one representing him, at the time the petition was filed, and not in the custody of the court at the time of the controversy, but in the actual possession of another under an adverse claim of ownership, based upon a contract or conveyance made more than four months prior to the institution of the bankruptcy proceedings, a plenary suit is necessary to set aside the contract or conveyance, and to subject the property to the administration of the court of bankruptcy. Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Weidhorn v. Levy, supra.

[4] Where one asserts that he has the right to possession of the property claimed to belong to a bankrupt, by reason of an adverse claim, the bankruptcy court has the power to ascertain whether any basis for such claim actually existed at the time of the filing of the petition. If, upon such inquiry, it determines that a claim, not merely colorable, but real, even though fraudulent and voidable, existed in fact, it must decline to finally adjudicate on the merits. Mueller v. Nugent, supra; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; In re Rathman (C. C. A.) 183 F. 913.

[5] In this case the petitioner urges in good faith that his suing for intermediate installments due under the contract of sale, which was made more than four months prior to the filing of the petition, did not defeat his right, under the contract, to take possession of the property sold. The referee concluded that, by his election so to do, he abandoned that right. This court is of the same opinion. There is authority to the contrary. Appellate courts occasionally change their minds. This case may present a little different situation than those heretofore decided. In this case the personal property was not in the possession of the court or an officer thereof, and the claim of the petitioner to it is a real claim, whether erroneous as a matter of law or not.

Under the circumstances, the order of the referee, determining that the receiver was entitled to the $1,000 deposited in lieu of this property must be reversed, on the ground that he had no jurisdiction to make the order. It is so ordered.