## HIRSCH v. SCHILLING.

Circuit Court of Appeals, Third Circuit.
September 20, 1928.

No. 3763.

Harold Simandl, of Newark, N. J. (Edwin G. Adams, of Newark, N. J., of counsel), for appellant.

Wm. Harris and Frederick J. Israel, both of Newark, N. J. (Herbert L. Elins,

of Newark, N. J., on the brief), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Henry Hirsch owned all but two shares and personally conducted the business of the D. X. Radio Co., Inc. After the corporation had been adjudged a bankrupt the referee in bankruptcy entered against Hirsch an order that he "pay over within 15 days to Edward A. Schilling, Esq., as trustee therein, the sum of $10,000 for merchandise and property belonging to this estate and found to be in his possession and under his control and concealed by him." From an order of the District Court affirming the referee's order, Hirsch took this appeal raising several questions; the only one that has given us pause challenges the validity of the order because it does not direct the turnover and surrender of any specified merchandise found to be withheld and concealed but commands payment of a stated sum of money. This, it is claimed, is in effect a money decree or judgment for the entry of which the referee had no jurisdiction.

In support of this position the appellant cites several cases from this circuit, the law of which has recently been reviewed and approved by this court in Toplitz v. Walser, Trustee, 27 F.(2d) 196. He relies, however, mainly on the case of In re Sax (D. C.) 141 F. 223, in which a district court reversed an order made by a referee that the bankrupt turn over a stated sum of money. That order was based on a finding that the bankrupt had in his possession the sum "in cash or in goods of that value," being property of the bankrupt estate, which he had fraudulently and unlawfully concealed from the trustee. But the order in that case, it may be observed, was based on an alternative and therefore an uncertain finding of possession and fraudulent concealment and the court reversed it on a ruling that unless the referee were morally certain as to the fact of concealment and as to what had been concealed—money or merchandise— he should not have made the order and on its finding that there was "not a word of testimony to support the finding" on which the order was based. The Sax Case therefore has no bearing, either in fact or law, on the case at bar.

For a period prior to bankruptcy, the corporation sold $49,442.61 worth of goods. Hirsch, who made the sales and received the money, claimed that most of the sales were made below cost. While this contention was not supported by evidence, the referee, giving Hirsch the benefit of the doubt and basing his computation on sales at cost, found that they amounted to $20,572.29. Taking goods on hand at the time of bankruptcy and actually turned over to the trustee, valued by an expert dealer at $7,581.70, the referee found a money shortage of $12,990.59. He then threw off the odd figures of $2,990.59 and entered a turnover order for $10,000. At the hearing Hirsch shed no light on his transactions. His answers to pertinent questions were with singular uniformity: "I don't know." The evidence for the trustee showed affirmatively and we think conclusively that, aside from goods (unknown in character, amount and value but certainly in excess of the debt) which Hirsch gave a creditor, Hirsch received the proceeds of the corporation's sales and kept them, and that, so possessing them, he concealed them. In re H. Magen Co. (C. C. A.) 10 F.(2d) 91; Dittmar v. Michelson (C. C. A.) 281 F. 116; In re Epstein (D. C.) 206 F. 568; (C. C. A.) 210 F. 236; In re Kaplan Bros. (C. C. A.) 213 F. 753.

On these facts we hold that the turnover order under review is not a money decree or judgment but is an order made responsive to the trustee's petition for money which Hirsch had received from sale of the corporation's goods and which was found once to have been in his possession and not thereafter to have passed beyond his control. Ordinarily it is only by a turnover order of this kind that concealed money can be uncovered and regained.

The order of the District Court is affirmed.