## In re COHAN.

No. 4317.

Circuit Court of Appeals, Third Circuit.

June 18, 1930.

Mortimer C. Rhone, of Williamsport, Pa., and Samuel Gubin (of Cummings & Gubin), of Sunbury, Pa., for appellant.

A. R. Jackson, of Williamsport, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

This appeal is from a decree of the District Court approving an order made by a referee commanding the bankrupt to turn over to his trustee "goods or merchandise consisting of shoes, overshoes, boots, socks, hose and other footwear to the value of $52,397.61, or the proceeds thereof, which came into his possession between January 1, 1928 and January 5, 1929 and which he had in his possession or under his control January 5, 1929 —the date he filed his petition—and which he concealed or otherwise failed to turn over to his trustee. * * *"

The main dispute in law arises on the bankrupt's assignment of error that the order is invalid because made in the alternative that he turn over goods or the proceeds of their sale, relying on In re Sax (D. C.) 141 F. 223, which we discussed and distinguished

in Hirsch v. Schilling (C. C. A.) 28 F.(2d) 171, 172. The later decision rules this case.

As the basis of the turnover order is concealment of assets—whether goods or money—from the trustee, the fact of concealment must be proved. The appellant maintains that there is no evidence that sustains such a finding, and, going a point further, says that the referee himself admitted this lack of evidence and based his decision on a mere assumption, as shown by this statement in his report:

"As there is no specific proof of the hiding away of assets by the bankrupt, or removing them clandestinely from his stores, the Referee thinks the next alternative or *assumption* (that of concealing the proceeds of sales) the more probable one. Both processes might have been employed.

Notwithstanding this discursive remark, the referee did find that the bankrupt had concealed his property, so the question whether there is evidence that sustains his finding remains.

Undoubtedly, in a proceeding of this kind concealment must be proved. Concealment, however, is the ultimate and decisive fact which, in turn, can be proved in one of two ways: One, by a witness who actually saw the concealment made, which seldom happens; the other, by proving facts from which the fact of concealment may be inferred (which, evidently, is what the referee meant), especially where they suggest and sustain no other inference. For instance, if it is proved that a bankrupt has purchased large amounts of goods within a short period prior to his bankruptcy and has only a nominal amount in his possession at the time of bankruptcy and is unable or unwilling to explain what he has done with them, that is a fact from which it is permissible to infer that he has them in concealment. Or, if he explains the disappearance of the property by showing that it was sold but refuses to explain what became of the proceeds, then again that is a fact from which it is permissible to infer the ultimate fact that he has concealed them. In re Magen Co. (C. C. A.) 10 F.(2d) 91; Hirsch v. Schilling (C. C. A.) 28 F.(2d) 171, 172. When concealment has been established in one way or another the law authorizes an order commanding the turnover of the precise goods concealed or their concealed proceeds, which is what the referee did in this case on facts about the existence of which, as distinguished from the inferences to be drawn from them, there is little dispute.

The bankrupt, who kept two shoe stores, showed by financial statements made in January, 1928—a year before bankruptcy—that his indebtedness at the beginning of that year was $11,000 (speaking always in round numbers), and by his schedule that his indebtedness at the end of the year was $89,000. By the same financial statements he showed assets at the beginning of the year of the value of $28,000 reckoned at cost, and by his schedule a year later assets of the value of $23,000, appraised at $10,000 and bringing at public sale $6,800, showing solvency to the amount of $16,500 at the beginning of the year and insolvency to the amount of $65,000 at the end of the year. According to the testimony of an expert accountant based on the books the bankrupt purchased $125,000 worth of goods during the year preceding bankruptcy. From their sale he deposited $88,000 in bank. At the date of bankruptcy there was no money in the bank and none in the drawer. These figures of large purchases and greatly increased liabilities and decreased assets, with no money in hand, show that both goods and money had disappeared and, if not explained, that one or the other had been concealed. The bankrupt's explanations consisted mainly in an attack on the accuracy of the accountant's statement of goods purchased and sold, based on claimed sales below cost, which, even if accepted, still leaves a large sum unexplained. We shall not repeat, nor, in the absence of an appeal by the trustee, shall we inquire into the referee's extended calculation except to determine whether its final figure is the minimum of property or money concealed and is sustained by evidence.

The trustee was willing to forgive or forget $16,500, representing the bankrupt's assets in excess of his liabilities at the beginning of the year and asked only that he be required to turn over goods purchased during the year for which there was no accounting on the books or the proceeds of their sale. The referee found the total value of goods that had disappeared during the year was $82,000. From this he deducted $16,500, the net value of goods on hand at the beginning of the year, leaving a balance of $65,500 to be accounted for. From this, in order to make even figures, he deducted something more than $5,000, leaving a net balance of $60,000 sought to be recovered. From this sum the referee made further deductions until he found the value of the concealed goods or their proceeds to be the sum of $52,397.61, the amount named in the order.

We are not satisfied that this sum represents the full value of what was concealed.

However, the figures of goods purchased, goods remaining, indebtedness incurred, money deposited, and lack of money in bank or in hand constitute evidence that most of the goods purchased during the year was sold and that the proceeds, amounting at least to the figure of the order, were concealed.

The decree is affirmed.