## AMERICAN FINANCE CO. OF GALVESTON, TEX., v. COPPARD.

### No. 5999.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1930.

Ballinger Mills, of Galveston, Tex., and Leo Brewer, of San Antonio, Tex., for appellant.

Geo. M. Mayer, of San Antonio, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

In this case it appears that the bankrupt had a contract with appellant by which appellant advanced about 90 per cent. of the cost price of automobiles when they were purchased by the bankrupt. When the cars arrived in San Antonio where the bankrupt was doing business, he would draw on appellant for the necessary amount, annexing the bills of lading and also executing what was called a trust receipt. This trust receipt acknowledged fee-simple title in appellant for the cars with permission to the bankrupt to exhibit them and sell them. On November 12, 1929, appellant, failing to obtain a settlement for amounts then due from the bankrupt, instituted suit in a state court to recover and obtained a writ of sequestration. Service was made, the writ was executed the same day, and the sheriff seized and took into his custody seven automobiles. A few hours later adjudication in bankruptcy occurred on a voluntary petition. Appellee was appointed receiver of the bankrupt estate and on November 19, 1929, filed a petition with the referee, alleging that the trust receipts executed by the bankrupt constituted chattel mortgages; that the liens thereunder, if any existed, were void as to the creditors; that the levy of the writ of sequestration had been nullified by the bankruptcy adjudication; that the claim of ownership of appellant was not bona fide and it was not a substantial adverse claim to the property; and prayed for a summary order directing any and all persons in possession of the property to deliver possession and control thereof to himself. Appellant appeared specially before the referee and filed a plea to the jurisdiction of the court to issue a summary order. The plea was overruled and appellant answered, claiming ownership by virtue of the trust receipts, and denying that the bankrupt was insolvent. The referee conducted a hearing. After taking evidence, the referee held that the claim of appellant was colorable only and not a substantial adverse claim to the property and ordered it restored to the receiver. On petition to review the order of the referee, the District Court affirmed it and this appeal followed.

It is well settled that the District Court, through the referee, has the power in the first instance to determine whether an adverse claim is real and substantial or merely colorable, and may enter upon a preliminary inquiry to so determine. If found to be merely colorable, the referee may proceed to adjudicate the merits summarily. But if the claim is found to be real and substantial, the court must decline to determine the merits and dismiss the summary proceeding, unless the adverse claimant has consented to the proceeding. Brown Paint Co. v. Rockhold (C. C. A.) 269 F. 139; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

The claim of appellant to the automobiles could not be classed as colorable only. A suit was pending in a state court of competent jurisdiction in which appellant claimed the ownership of the property by virtue of documents which on their face purported to vest title. The property was in the custody of the state court and not in possession of the bankrupt. The claim was undoubtedly in good faith and required a determination both as to the facts and the law. That it may be decided adversely to appellant on final hearing does not make the claim colorable and vest summary jurisdiction in the District Court.

The order of the referee complained of is vacated and set aside, and the judgment of the District Court is reversed, both without prejudice to the right of the trustee to pursue such remedy in a plenary suit as he may be advised.

Reversed.