**668**

### In re COHAN.
### No. 6197.

District Court, M. D. Pennsylvania.
Feb. 27, 1931.

A. R. Jackson, of Williamsport, Pa., for trustee.

J. Julius Levy, of Scranton, Pa., for bankrupt.

JOHNSON, District Judge.

On November 27, 1929, the court ordered Harry A. Cohan, bankrupt, to turn over to A. M. Hoagland, trustee, certain concealed assets, consisting of goods and merchandise of the value of $52,397.61, or the proceeds thereof on or before the 12th day of December, 1929. This order or decree, on appeal to the Circuit Court of Appeals of this, the Third Circuit, was affirmed on June 18, 1930. 41 F.(2d) 632.

On September 10, 1930, A. M. Hoagland, trustee of the bankrupt estate of Harry A. Cohan, filed his petition alleging that "the bankrupt has never complied with the order of the referee thus sustained by this court, and by the Circuit Court of Appeals, and the referee has certified to this fact and to the fact that the bankrupt is thus in contempt," and praying "that a rule or order may issue, addressed to said Harry A. Cohan, to show cause why he should not be adjudged in contempt of court in having disobeyed the lawful order of Lee Francis Lybarger, referee in bankruptcy, dated June 20, 1929, and why he should not be punished for his failure to comply with said order."

On this petition a rule was granted on September 10, 1930, on Harry A. Cohan to show cause why he should not be adjudged in contempt of this court in having disobeyed the lawful order of the referee in bankruptcy. On November 24, 1930, a motion was filed by Harry A. Cohan, bankrupt, to dismiss the petition "for the reason that the

said petition upon the face of the bill does not show sufficient facts to constitute a valid cause of action."

There is no allegation in the petition that Cohan's failure to obey the order of the court to turn over the property was willful, or anything to show that it was not caused by his mere inability. Such allegation of willful disobedience is necessary in the petition; it cannot be supplied or corrected by proofs at the hearing. Evidence is taken to substantiate the allegations in the petition and cannot go beyond them. This is especially true where the proceedings may involve the commitment of Cohan to prison by the decree of a judge. This petition, therefore, is defective and must be dismissed.

In re Cole (C. C. A.) 163 F. 180, on page 183, 23 L. R. A. (N. S.) 255, Putnam, Circuit Judge, delivering the opinion of the court, said: "As said in the opinion passed down by us on February 16, 1906, already referred to, the District Court proceeded originally by a consolidated order, directing the bankrupt to turn over to the trustee the money in controversy, and also directing that, in default thereof, she should be committed. There is no doubt that that order was supported by some precedents; but it seemed to us not consonant with the rules intended for the protection of personal liberty, which rules ought to be applied with special strictness where the imprisonment of a citizen is in any extent absolutely at the control of a single judge, as is the fact here. Therefore we followed the practice in this particular shown by Mueller v. Nugent, 184 U. S. at page 5, 22 S. Ct. at page 269, 46 L. Ed. 405. The proceedings there were more summary than before us; but the clear essentials were preserved as we directed them to be preserved here, in that the order to turn over the property was entered, notice thereof given to the individual against whom it ran, with an interval of time to comply therewith, and a refusal so to do, before any order was issued as against one in contempt."

In Oriel et al. v. Russell, Trustee, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419, it was held: "An order commanding a bankrupt to turn over to his trustee in bankruptcy books or property which he is charged with wilfully withholding but which he denies are within his possession or control, should be made only on clear and convincing evidence, exceeding a mere preponderance."

On page 366, of 278 U. S., 49 S. Ct. 173, 175, Mr. Justice Taft, delivering the opinion in this case, said: "Actual or virtual impris-

onment for debt has ceased, but imprisonment to compel obedience to a lawful judicial order (if it appear that obedience is being willfully refused) has not yet ceased, and ought not to cease, unless it should be thought expedient to destroy all respect for the courts by stripping them of power to enforce their lawful decrees."

For the reasons stated above, the motion to dismiss the petition must be granted and the petition must be dismissed and the rule granted thereon discharged.

And now, February 27, 1931, the motion to dismiss is granted, the petition is dismissed, and the rule granted thereon is discharged, and the trustee is allowed fifteen days in which to file a new petition, in accordance with the law, as above expressed.