## AMERICAN FINANCE CO. OF GALVESTON v. COPPARD.

### No. 2354.

Court of Civil Appeals of Texas. Beaumont. April 26, 1933.

Rehearing Denied May 3, 1933.

Leo Brewer and Olind H. Pitman, both of San Antonio, for appellant.

Geo. M. Meyer and Templeton, Brooks, Napier & Brown, all of San Antonio, and Williams, Neethe & Williams, of Galveston, for appellee.

WALKER, Chief Justice.

This suit was instituted in district court, Bexar county, by appellant, American Finance Company of Galveston, a corporation, against Alamo National Bank of San Antonio and M. Coppard, trustee in bankruptcy of the estate of Joseph Howard Le Sage, bankrupt, to recover a fund of $10,291.77, with 3 per cent. interest from April 22, 1930. Appellant claimed the fund as the proceeds of sixteen automobiles which it claimed to own and which had been sold under an agreement between it and appellee, Coppard, and deposited by agreement in Alamo National Bank. Coppard claimed that the automobiles belonged to the estate of the bankrupt and that the fund belonged to him as trustee of the bankrupt estate. The Alamo National Bank tendered the fund into court by its interpleader and prayed for discharge with its costs and attorney's fees. Upon trial to the court without a jury, judgment was rendered for appellant for $5,789.48 of the principal sum, the proceeds of the sale of nine of the automobiles, and for appellee, Coppard, for $4,502.29, the proceeds of the sale of seven automobiles. Judgment for the Alamo National Bank was in its favor on its interpleader with its costs and $100 attorney's fees. The appeal involves only the amount awarded appellee, Coppard.

The following facts constitute the basis of appellant's claim to the seven automobiles: The bankrupt, Joseph Howard Le Sage, had a contract with appellant by which appellant advanced him about 90 per cent. of the cost price of the automobiles. When the automobiles arrived in San Antonio, where Le Sage was doing business, he would draw drafts on appellant for the amount allowed him by his contract, with bills of lading attached; and he also executed to appellant instruments in writing, designated by the parties as trust receipts, which acknowledged fee-simple title in appellee to the automobiles, with permission to Le Sage to exhibit and sell them. On November 11, 1929, Le Sage was in default in his payments to appellant, as per the terms of their contract, and on that date appellant instituted a suit against him in district court of Galveston county to recover the title and possession of certain automobiles covered by the trust receipts above referred to, including the seven automobiles in issue in this case. And in connection with that suit appellant sued out writ of sequestration. The next day service was had upon Le Sage, and the sheriff of Bexar county executed the writ of sequestration by seizing and taking into his custody and possession these seven automobiles. A few hours later Le Sage was adjudged bankrupt on his petition. Appellee, Coppard, was immediately appointed receiver of the bankrupt estate, and qualified as such. On December 3, 1929, appellant was awarded judgment against Le Sage for the absolute title to the seven automobiles. On December 6, 1929, after the rendition of that judgment, appellee, Coppard, was appointed trustee in bankruptcy of the estate of Le Sage and immediately qualified as such. Immediately after appellee, Cop-

pard, was appointed receiver, and before the rendition of the judgment by the Galveston court in favor of appellant for the title and possession of the automobiles, he, as receiver, "filed a petition with the referee, alleging that the trust receipts executed by the bankrupt (Le Sage) constituted chattel mortgages; that the liens thereunder, if any existed, were void as to the creditors; that the levy of the writ of sequestration had been nullified by the bankruptcy adjudication; that the claim of ownership of appellant (American Finance Company) was not bona fide and it was not a substantial adverse claim to the property; and prayed for a summary order directing any and all persons in possession of the property to deliver possession and control thereof to himself. Appellant (American Finance Company) appeared specially before the referee and filed a plea to the jurisdiction of the court to issue a summary order. The plea was overruled and appellant (American Finance Company) answered, claiming ownership by virtue of the trust receipts, and denying that the bankrupt (Le Sage) was insolvent. The referee conducted a hearing. After taking evidence, the referee held that the claim of appellant (American Finance Company) was colorable only and not a substantial adverse claim to the property and ordered it restored to the receiver. On petition to review the order of the referee, the District Court affirmed it and this appeal followed." While that proceeding was pending in the federal courts, appellant and appellee, Coppard, agreed to sell these seven automobiles, with nine others that were in issue between them, and to deposit the proceeds in Alamo National Bank, which was done. This suit was instituted, as stated above, to determine the title to that fund. As the basis of its claim, appellant made the same contentions in this suit as in the Galveston county district court, and in answer thereto appellee, Coppard, made the same defense as made by him before the referee in bankruptcy, with the further contention that the judgment of the Galveston county district court as to him was absolutely void.

### Opinion.

On this appeal appellant contends: (a) The judgment rendered in the Galveston county district court was a valid and final adjudication of its title to and ownership of the seven automobiles; (b) the trust receipts covering the seven automobiles did not evidence a security transaction but full title and ownership in appellant; (c) should the trust receipts be construed as chattel mortgages, nevertheless they are valid in favor of appellant as against the trustee in bankruptcy. We think the first proposition is conclusive of the issues in this case. The quotation of the facts and issues given above is taken from the opinion of the Circuit Court of Appeals,

American Finance Co. of Galveston, Texas v. Coppard, 45 F.(2d) 154, 155, wherein the summary order of the referee in bankruptcy, as affirmed by the federal District Court, was reversed. In reversing the judgment of the District Court, the Circuit Court of Appeals said: "A suit was pending in a state court of competent jurisdiction in which appellant claimed the ownership of the property by virtue of documents which on their face purported to vest title. The property was in the custody of the state court and not in possession of the bankrupt. The claim was undoubtedly in good faith and required a determination both as to the facts and the law." As we construe this holding, the Circuit Court of Appeals determined that the Galveston district court had jurisdiction to adjudicate both the law and the facts in issue between it and Le Sage involving the title to these automobiles. The decision of that court vested the absolute title to these seven automobiles in appellant. As the Galveston county district court had jurisdiction to determine both the law and the facts involving the title to these automobiles, it follows that the judgment of that court was res adjudicata as to every contention made by appellee in this case.

It follows that the judgment of the lower court should be reversed, and judgment here rendered in favor of appellant, and it is accordingly so ordered.