### In re PERMANENT MORTGAGE CORPORATION.

District Court, S. D. New York.
Oct. 30, 1933.

Goldwater & Flynn, of New York City (Arthur C. Parker, of New York City, of counsel), for trustee.

David W. Kahn, of New York City, for respondents.

PATTERSON, District Judge.

The trustee in bankruptcy of Permanent Mortgage Corporation brought a summary proceeding against Crips and Hart, secretary-treasurer and general manager respectively of Permanent Development Corporation, a wholly owned subsidiary of the bankrupt. The prayer of the petition was that the respondents be ordered to convey to the trustee all the assets of the subsidiary. The referee gave the relief asked for, and the respondents have brought the matter here for review.

The petition alleges that at a meeting of the bankrupt's board of directors on February 27, 1933, it was decided to form a wholly owned subsidiary with 1,000 shares of stock, to convey some 46 pieces of real estate to the subsidiary in exchange for 800 shares of its stock, and to purchase the other 200 shares for $20,000. It is further alleged that the transaction was carried out, the $20,000 paid to the subsidiary being part of $23,500 borrowed by the bankrupt from Bethesda Personal Bankers, Inc. As collateral security for the Bethesda loan, the bankrupt pledged the 1,000 shares of stock acquired by it. The transaction is characterized as a mere form and convenience. It is alleged that the trustee is about to bring suits to set aside the conveyance of the real estate to the subsidiary and the transfer of collateral to the Bethesda. It is also charged that Hart is receiving $425 a month as compensation from the subsidiary, whose assets are thus being dissipated.

Crips and Hart answered the petition. After objecting to the jurisdiction and denying knowledge or information as to most of the charges in the petition, they state that the bankrupt has defaulted on the Bethesda loan of $23,500; that the Bethesda is a necessary party to the proceeding; that the subsidiary's affairs are being competently managed by Hart who is receiving no more than fair pay for his services; that his salary is practically the only expense; that an accurate record of income and expenditures is being kept; and that the subsidiary has debts of $1,750.

Upon the petition and answer and without taking proof, the referee made an order that Crips and Hart convey all the assets of the subsidiary to the trustee in bankruptcy, with a provision that the trustee assume the subsidiary's obligations and pay them out of the assets.

It is objected that the subsidiary itself should have been made a party to the proceeding, rather than two officers whose capacity to represent the subsidiary and whose power to execute a conveyance of its property have not been shown. It is also objected that no proof as to the allegations of the petition was taken, although the respondents did not admit the facts pleaded by the trustee. I will pass these points because I am satisfied that on the face of the petition no case for the relief asked for is made out.

A court of bankruptcy has jurisdiction over property in its possession, whether the possession be actual or constructive. In exercise of such jurisdiction it may summarily order that property in possession of the bankrupt or of his agents or representatives be surrendered to the trustee. So also of property held by parties claiming adversely to the trustee where the claim is no more than colorable. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770. This rule is applicable to the case of property conveyed by the bankrupt to a wholly owned subsidiary corporation, where the conveyance is palpably void as to creditors [In re Muncie Pulp Co. (C. C. A.) 139 F. 546; In re Berkowitz (D. C.) 173 F. 1012], or where the business of the subsidiary is so managed that it is merely an agent, adjunct or instrumentality of the bankrupt [In re Rieger, Kapner & Altmark (D. C.) 157 F. 609; In re Eilers Music House (C. C. A.) 270 F. 915].

In this case the essential facts are that the bankrupt organized a subsidiary and acquired all its capital stock, partly for real estate conveyed by the bankrupt and partly for cash paid in by the bankrupt. The stock

so acquired was pledged to the Bethesda to secure money borrowed by the bankrupt, and the Bethesda still holds the stock. It may be granted that but for the pledge of the stock the case would be an appropriate one for the exercise of summary jurisdiction by ordering the subsidiary to turn its assets over to the trustee in bankruptcy of the parent. It is certainly no answer to the trustee's claim to say that the old crowd put in by the bankrupt should be left in charge of the subsidiary's property and business until the next stockholders' meeting when the trustee as sole owner of the stock can vote them out of office.

But the pledge of the stock to the Bethesda cannot be ignored. The bankrupt's debt to the Bethesda has not been paid, and for all that appears in the trustee's case the pledge was a perfectly valid one. If the subsidiary is to be stripped of its assets, as the trustee proposes, the stock held by the Bethesda as collateral security will be rendered worthless. This would work injustice to one who is not a party to the proceeding. The present order altogether ignores the rights of the Bethesda and cannot stand. I have no doubt that, if there were no bankruptcy and the parent corporation sought to take over the assets of the subsidiary without giving value, a pledgee of the stock of the subsidiary could block such a transaction as a fraud upon him.

It might be suggested that an equitable result would be to order a conveyance of the subsidiary's assets to the trustee, with a lien on them in favor of the Bethesda in lieu of its lien on the stock. But the Bethesda took as security the stock of a going concern, and a lien on the assets of that concern, in the hands of a trustee for prompt liquidation, would not be the equivalent.

The order will be reversed and the petition dismissed.