## In re ROLLAND STORES CORPORATION.
### BERMAN v. HALE.
#### No. 2853.
Circuit Court of Appeals, First Circuit.

Feb. 16, 1934.

Harry T. Talty, of Boston, Mass. (Archibald Palmer, of New York City, on the brief), for appellant.

Clifford H. Byrnes, of Boston, Mass., for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

WILSON, Circuit Judge.

The appellant was the treasurer of the Rolland Stores Corporation, which was duly adjudged a bankrupt in the District Court of Massachusetts. As such treasurer, he was ordered by the District Court on the report of a referee to turn over to the trustee certain merchandise as property of the bankrupt, which it was found he had wrongfully withheld from the trustee, or the value thereof, amounting to $12,949.29. From this order the appellant filed a petition for appeal which was allowed in the District Court, and also a petition to this court for leave to appeal under section 24b of the Bankruptcy Act (11 USCA § 47 (b). It is conceded that the bankrupt is only entitled to proceed under section 24b.

Both parties being ready to proceed to a hearing on the merits in case his petition for leave to appeal was allowed, the case was fully heard at the January session of this court. The petition for leave to appeal is allowed and the case will be disposed of on the merits.

The trustee filed a petition in the District Court alleging that Frank E. Berman, at various times prior to December 3, 1931, wrongfully received property of the bankrupt which he was withholding without color of title or adverse claim, and refused to surrender to the trustee in bankruptcy, to wit:

(1) Approximately $5,000 recorded on the books of the company as loans receivable, which consisted in fact of money misappropriated by Berman.

(2) Trade fixtures of the value of $250.

(3) Merchandise or the proceeds from the sale thereof of approximately $35,000.

(4) Money received from the sale of merchandise, but not deposited to the credit of the corporation amounting to $4,454.84.

(5) Certain checks, records, and books of the corporation.

(6) The record books of the corporation.

The petition was referred to a referee and, after protracted hearings, the referee found and ordered that Frank E. Berman, as

treasurer of the bankrupt corporation, either turn over to the trustee merchandise or the value thereof, to wit, $12,949.29, and certain canceled checks, books, and records of the bankrupt, which are more particularly described in the referee's order.

The order of the referee was affirmed by the District Court. The appellant filed numerous assignments of error, but all were directed to the contention that the evidence before the referee did not warrant a finding that the appellant had in his possession any merchandise belonging to the bankrupt and was wrongfully withholding it, or that he had any of the books, records, or checks described in the trustee's petition and in the order of the referee; and, further, that the order was not sufficiently definite to compel a compliance therewith.

■ From examination of the referee's report and of the stenographic copy of the evidence before the referee, which by stipulation was filed in this court, but not made a part of the printed record, we think the referee was warranted in his findings.

While the trustee claimed, according to an inventory taken in July, 1931, that there was a much larger shortage than the referee found, the referee finally adopted as a basis for his findings the inventory taken by the appellant himself on November 9, 1931, about three weeks prior to the filing of the petition in bankruptcy. This inventory showed merchandise on hand of $23,208.25. The books of the corporation showed purchases between November 9, 1931, and December 3, 1931, to the amount of $5,990, or a total amount of merchandise to be accounted for of $29,198.25. Upon the testimony before the referee, he found that the total sales during the period from November 9 to December 3, 1931, were $9,132.21, and that the value of the merchandise on hand December 3, 1931, at cost prices was $7,116.75, or a total of merchandise accounted for of $16,248.96, which showed, as the referee found, an unexplained shortage of merchandise of $12,-949.29.

There was more or less conflicting evidence before the referee and, according to the testimony of an expert accountant, much irregularity appeared in the books of account.

It appeared that the recorded receipts of money according to the books exceeded the actual bank deposits by an amount of $4,454.84, which was the basis of the fourth charge in the trustee's petition. There was testimony tending to show that this sum

had been, in part at least, disbursed in payment of certain creditors. The referee, however, found that the evidence was not sufficient to show that the sum of $4,454.84 was diverted by Berman from the business.

The expert accountant who examined the books after bankruptcy found that the books did not balance, and in order to make up a trial balance he was obliged to make a charge on the debit side of the cash account of $4,042.95. It is not clear from the testimony whether these two sums of approximately $4,000 had any connection with each other, or whether each was the result of irregularities in keeping the books of account.

It is contended, however, that the necessary additional cash entry, in order to balance the accounts, would indicate that there had been sales of merchandise in addition to the amount found by the referee, and that the total sales should be $13,175.16 instead of the sum of $9,132.21, on which the referee based his order.

The expert accountant testified that the two discrepancies might be accounted for as the result (1) of additional sales of merchandise; or (2) cash receipts from sales of merchandise prior to November 9, 1931. The referee, however, found that since it required an entry of $4,042.95 in order to balance the books of the corporation, it tended to show a further "unexplained shortage in merchandise" of about $4,000 rather than additional sales, but it was not clear from the testimony that this merchandise was taken and concealed by Berman. This finding evidently accounts for his general finding upon which the order was based that there was an unexplained shortage of $12,949.29.

We think the referee from all the evidence was warranted in finding that there was an unexplained shortage of merchandise for which the appellant was accountable, totaling $12,949.29, and that the checks, records, and books of account described in his order were wrongfully withheld from the trustee by the appellant; and that the evidence before him was sufficient to warrant a so-called "turn-over order." Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419.

■ It is further urged by the appellant that the order is not sufficiently definite to enable him to comply therewith, but we think the following cases clearly support it: Kirsner v. Taliaferro (C. C. A.) 202 F. 51; Hirsch v. Schilling (C. C. A.) 28 F.(2d) 171; In re Cohan (C. C. A.) 41 F.(2d) 632; Prela v. Hubshman, 278 U. S. 358, 49 S. Ct. 173,

73 L. Ed. 419; Epstein v. Steinfeld (C. C. A.) 210 F. 236; Sheinman v. Chalmers (C. C. A.) 33 F.(2d) 902; and it clearly can be sustained under the case of Cooper v. Dasher, 290 U. S. 106, 54 S. Ct. 6, 78 L. Ed. ——, decided by the Supreme Court on November 6, 1933.

The order of the District Court is affirmed with costs.