In re SCHOENBERG.

No. 347.

Circuit Court of Appeals, Second Circuit.
April 9, 1934.

David Groberg, of Brooklyn, N. Y. (Walter B. Milkman, of Brooklyn, N. Y., of counsel), for appellant.

Samuel C. Duberstein, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Morris Schoenberg was adjudicated a bankrupt in September, 1931, upon his voluntary petition. Prior to the year 1931 he had conducted a retail shoe business in his own name at 643 Myrtle avenue, Brooklyn. In December, 1930, he caused to be organized a corporation by the name of M. Schoenberg, Inc. (the appellant), and to this corporation he made a lease of the store and delivered a bill of sale conveying the merchandise and fixtures of his business in exchange for its capital stock. Its officers were the bankrupt, his wife, his daughter, and his son-in-law. Since January 2, 1931, the business has been conducted as that of the corporation. The bankrupt testified that the incorporation of his business was pursuant to an agreement made with his merchandise creditors to accept his notes, with indorsers, for 60 per cent. of the debt, and that the corporation had assumed payment of these notes and was still paying them off. At the date of the transfer to M. Schoenberg, Inc., the bankrupt had creditors other than merchandise creditors. Almost all his creditors at the date of bankruptcy had also been creditors at the prior date.

In December, 1931, the trustee in bankruptcy filed with the referee, a petition charging that the aforesaid transfer was void under the Bulk Sales Act (N. Y. Personal Property Law [Consol. Laws N. Y. c. 41] § 44), and praying that the corporation be ordered to turn over possession of the assets transferred and account for such of them as it had disposed of. The corporation answered setting up its claim of title and its compliance with the Bulk Sales Act, and denying summary jurisdiction. After hearings, the referee ordered the appellant to turn over the shoes and fixtures transferred to it by the bankrupt or the sum of $15,579.40, their value, within five days after service of a copy of the order. The order was made on August 23, 1932, and on August 30th the corporation petitioned for review by the District Court, which confirmed the order, without opinion, on October 24, 1932.

In the meantime, on September 9, 1932, the trustee in bankruptcy petitioned the District Court for an order adjudging the corporation and its treasurer (the bankrupt) in contempt of court for failure to comply with the referee's order of August 23d, alleging that the time for compliance had expired on August 30th. In opposition thereto an affidavit of the bankrupt was filed to the effect that the corporation had on hand only a few of the original shoes transferred to it and was ready to turn them over, together with the store fixtures, if the referee's order should be confirmed. On October 24th, the same day that the corporation's petition for review was denied, the court entered the second order appealed from, holding the corporation and its treasurer in contempt and directing that the latter be confined until the contempt of court should be purged or the court discharge him.

The first question presented concerns the jurisdiction of the referee. As to property within the actual or constructive possession of the bankrupt, a court of bankruptcy can determine in a summary proceeding controversies involving adverse claims of title, but, when possession is held by a third person, adverse claims may not be summarily adjudicated unless by consent or unless the claim is merely colorable. These principles are so well established as scarcely to need citation of authority. See Taubel, etc., Co. v. Fox, 264 U. S. 426, 432, 44 S. Ct. 396, 68 L. Ed. 770; Harrison v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897; MacDonald v. Plymouth Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093. The trustee contends that the appellant consented to hearings before the referee. This is based on the fact that the treasurer of the appellant, called as a witness by the trustee, testified without objecting to the referee's jurisdiction. At the conclusion of his testimony, the referee, of his own motion, adjourned the matter in order that the corporation might be

represented by an attorney. No answer to the trustee's petition had as yet been filed. At the adjournment, its attorney appeared and filed its answer, which concluded with an objection to jurisdiction and a request that the petition be dismissed. No suggestion was made by the trustee or by the referee that jurisdiction had already been consented to. At the conclusion of the evidence the attorney moved to dismiss for lack of jurisdiction. On these facts it would be going very far to find a consent to jurisdiction. Cf. In re White Satin Mills, Inc., 25 F.(2d) 313 (D. C. Minn.). No such finding was made by the referee or the District Court. We conclude that jurisdiction cannot rest upon consent.

■■ Apparently the referee decided that the claim was merely colorable, for his certificate on review recites that his order was based upon the fact that the corporation "was a cloak for the bankrupt," and that the assets had been fraudulently transferred to it without notice to creditors as required by the Bulk Sales Act. The bankrupt admitted in his testimony that his note creditors, as distinguished from merchandise creditors, had not been notified of the transfer, but it was contended that the notes were void for usury. However, as judgments had subsequently been gotten on two of the notes without the interposition of such defense, this contention was plainly an afterthought and without substance. It must be conceded that normally a transferee of merchandise sold in bulk is an adverse claimant whose claim cannot be adjudicated in summary proceedings. Charles H. Brown Paint Co. v. Rockhold, 269 F. 139 (C. C. A. 5); Am. Finance Co. v. Coppard, 45 F.(2d) 154 (C. C. A. 5); In re Hanson, 18 F.(2d) 440 (D. C. Minn.). But where the transferee is a corporation organized by the bankrupt to continue his business, with a capital stock representing only the assets transferred, with the bankrupt remaining in control of the business, and with an admitted failure to comply with the Bulk Sales Act, we think a finding is justified that the corporation is a mere cloak for the bankrupt and its adverse claim merely colorable. Jurisdiction of the referee is therefore sustained. Cf. Hirsch v. Schilling, 28 F.(2d) 171 (C. C. A. 3); Matter of Permanent

Mortgage Corporation (D. C.) 5 F. Supp. 957, 24 A. B. R. (N. S.) 56.

■■ But the turnover order cannot stand. A turnover order presupposes that the person against whom it is directed has possession of the property or money which he is directed to deliver up. In re Redbord, 3 F.(2d) 793, 794 (C. C. A. 2). In the case at bar the trustee made no attempt to show what part of the merchandise originally transferred was still on hand or that the appellant had the sum of money which in the alternative it was directed to pay over. The corporation had been conducting the business for more than a year; its books were not called for by the trustee; so far as appears, the proceeds received from disposal of the merchandise may have been used in business expenses and paying merchandise creditors. There was no evidence of any concealment of merchandise or money; Hence In re H. Magen Co., 10 F.(2d) 91 (C. C. A. 2), upon which the referee relied, is wholly inapplicable. The referee made no finding that the appellant had possession of either the goods or money equal to their value at the date of the order. The record furnishes no basis for an order directing delivery of the goods originally transferred or, in the alternative, the sum of $15,579.40. Accordingly, the turnover order must be reversed and the cause remanded for further proceedings in conformity with this opinion.

■ The order holding the appellant in contempt must also be reversed. The record is barren of any evidence of defiance of the referee's order. In fact the bankrupt's affidavit in opposition to the motion shows the corporation's willingness to comply, if the District Court should confirm the order, in so far as goods and fixtures are still in its possession. Any claim based on the New York statute for the value of goods disposed of could only be enforced by judgment and execution, not by imprisonment for contempt. See Cowen v. Gruber, 176 App. Div. 905, 162 N. Y. S. 1053; Mott v. Reeves, 125 Misc. 511, 211 N. Y. S. 375, affirmed 217 App. Div. 718, 215 N. Y. S. 889, affirmed, 246 N. Y. 567, 159 N. E. 654; In re Perman, 172 App. Div. 14, 157 N. Y. S. 971.

Both orders are reversed.