## LEVIN v. COLEMAN.

### No. 5281.

Circuit Court of Appeals, Third Circuit.

Sept 5, 1934.

Hyman Schlesinger, of Pittsburgh, Pa., for appellant.

A. E. Kountz, C. A. Fry, and Kountz & Fry, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court affirming an order of the referee in bankruptcy. The referee directed the bankrupt, Levin, to turn over merchandise to the trustee. This merchandise cost $4,912.26, and was purchased between August 1, 1931, and January 13, 1932, when the creditors' petition in bankruptcy was filed.

The bankrupt contends that the District Court erred in affirming the referee's turnover order.

The bankrupt admits that the cost value of the merchandise unaccounted for was $4,912.26. He asserts that the explanation offered by him, that he lost the money in gambling, accounts for the shortage. His evidence tends to show that he sold merchandise from time to time to customers whom he cannot recall and entered the transactions in a book, which was not from his regular set and which inexplicably disappeared from the shelves of his store about the time the petition was filed herein. Two witnesses testified that the bankrupt's gambling losses were considerable for a lengthy period of time. The referee expressed his willingness to believe that the bankrupt had sustained gambling losses, but refused to accept the estimates of the losses and to reach the conclusion that the losses were paid by sales of the merchandise involved in the turnover order. The referee succinctly stated his position as follows: "In view of the bankrupt's lack of veracity as shown by his refusal to disclose his gambling losses when twice examined in February, 1932, of his inability to give any names or addresses of customers to whom any of the alleged secret sales were made, of his failure to list the grayish backed book in his schedules, his failure to show any deposits of proceeds of such sales, and his failure to show how he arrives at the total of the alleged sales, it is impossible to accept this story as a true accounting for the missing merchandise which cost him $4912.26. The fact that bankrupt paid gambling losses of some account does not of itself prove that the money therefor came from secret sales of merchandise."

998

The bankrupt admitted, and the trustee found, that merchandise of the value of $4,-912.26 was unaccountably missing. With a plain lack of candor, the bankrupt attempted to explain away the discrepancy by showing that he had undergone gambling losses. He made no attempt to show his inability to account for the goods other than to state that he sold the goods piecemeal and paid his losses from the proceeds. The referee justifiably refused to believe him. He did not show that merchandise was sold. He failed to state on two earlier examinations that he had lost money at gambling. He failed to remember any of the customers to whom he sold the merchandise; to show any records of the sales or the money obtained from them.

The trustee proved the shortage in merchandise. The burden of explaining the shortage fell on the bankrupt. He was unable or unwilling to do so satisfactorily. The referee rightfully concluded that he had concealed the goods. In re Cohan, 41 F.(2d) 632 (C. C. A. 3); Sheinman v. Chalmers, 33 F.(2d) 902 (C. C. A. 3). The bankrupt had ample opportunity to show his inability to produce the merchandise which he admits himself is unaccounted for other than by his uncorroborated statement that he sold the goods and applied the proceeds to gambling and this was not sufficient. In re Epstein (D. C.) 206 F. 568; Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419.

The order of the District Court is affirmed.