**In re KORIN.**

**No. 33334.**

District Court, E. D. New York.

Nov. 18, 1938.

Walter B. Milkman, of Brooklyn, N. Y., and Blackman & Willner, of New York City, for respondents.

Lester Grossman, of New York City, for trustee.

GALSTON, District Judge.

The respondents appeal from an order of the referee directing them to turn over to the trustee certain merchandise, or in the event that the merchandise cannot be turned over, the cash equivalent of $490.61.

On September 11, 1937 the bankrupt filed a voluntary petition in bankruptcy. On December 17, 1937 the trustee of the bankrupt, in a summary proceeding for money, obtained from the referee an order to show cause directed to the respondents, Samuel Gitlin and H. Gitlin Kosher Provision Corp.

The bankrupt operated a wholesale provision business at 94 North Eighth Street, Brooklyn. On or about August 23, 1937, in conjunction with the respondents, he removed the entire stock of his meat and supplies to the premises of H. Gitlin Kosher Provision Corp. at 134 Rivington Street, New York City. Six truck loads were taken between the hours of 6 P. M. and midnight on that day.

A marshal of the City of New York, on or about August 27, 1937, served a writ of attachment on the respondents and found in their premises at 134 Rivington Street, and in their possession, some of the merchandise that had been taken from the premises of the bankrupt on August 23d. In all there were 350 pounds of bull meat, appraised at $42; 314 pounds of top trimming of the value of $5; 320 pounds of other trimming of the value of $25; 15 empty barrels, value $6; one barrel of saltpeter, $12; 5 boxes of visking casings, $125; ½ bag of paprika, $15.50; 90 pounds of frankfurters, $5; 60 pounds of coriander, $6; 30 pounds of black pepper, $3; 100 pounds of casings, $6, making a total of $309.50. Much more had been transferred from the bankrupt to Gitlin, but that was all the marshal located.

The record is barren of evidence that when the hearings before the referee closed on February 24, 1938, any of the foregoing commodities or the proceeds thereof were in the possession of the respondents. Moreover, though the hearings closed on

**324**

that date no order issued in the turnover proceedings until September 9, 1938.

The burden is upon the trustee to prove in a summary proceeding that the property was in the possession of the respondents at the time of the bankruptcy, or within their control and in their possession or within their control also at the time of the issuance of the turnover order. In re Pinsky-Lapin & Co., Inc., 2 Cir., 98 F.2d 776; In re Schoenberg, 2 Cir., 70 F.2d 321. The nature of the business, provisions, certainly justified no inference of continued possession from August 27, 1937, when some of the merchandise was seen by the City marshal, to September 9, 1938. Nor was there any proof of the sale by the respondents of these provisions and the retention of the proceeds. The referee was undoubtedly correct in stating: "My position is the respondents are responsible for the total amount they removed on the Monday in question." Their responsibility, however, should be established in a plenary suit based on the fraudulent transfer.

The order of the referee should accordingly be reversed.