## DUKES *v.* STATE.

(Division B.   May 30, 1938.)

[181 So. 518.   No. 33106.]

Mize & Mize, of Forest, and Mize, Thompson & Mize, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.**, delivered the opinion of the court.

The authorities in this state and elsewhere are to this effect: Where the possession of personal property is fraudulently obtained, there being no intention on the part of the owner that ownership or legal title shall thereby pass, and the person who obtains the possession intends to deprive the owner of said property, and in pursuance of such intent does deprive the owner thereof, this is larceny.

But if at the time the possession is obtained, the owner intend that both possession and ownership shall pass to the other party, there can be no larceny of it by the latter, since no man can steal from himself. Or if at the the time of the delivery, it be intended that thereby the ownership shall pass to a third person, there can be no conviction of larceny from the original owner, for he is no longer the owner.

It is immaterial that in the transfer there is a reservation of title until balance of purchase money should be paid, for such a reservation is but security for the said

balance of the purchase price. Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 18 So. 364; and the fact that the transfer of ownership was obtained by fraud, however flagrant, and that except for the fraud the transfer would not have been made does not affect the rule as stated in the next foregoing paragraph; for the reason that a transfer obtained by fraud is not ipso facto void, although voidable. Until avoided by appropriate affirmative action on the part of the transferrer, the transfer stands as if there had been no fraud.

See authorities cited 55 C. J., p. 127, and 36 C. J., p. 777, also p. 859.

Two of our own cases are sufficient to disclose and illustrate the stated rule: Foster v. State, 123 Miss. 721, 86 So. 513, and the comment in Hanna v. State, 168 Miss. 352, 358, 151 So. 370. The undisputed evidence in this case is that the owner intended to deliver both possession and legal ownership; and although induced to do so by fraud and although without the fraud he would not have so done, the chargeable offense was not larceny, whatever else it might be. The indictment here charges larceny from the original owner who made the transfer, and charges nothing else; wherefore appellant was entitled to the peremptory instruction requested by him.

Reversed and appellant discharged.