ALFORD *v.* STATE.

(In Banc. June 8, 1942.)

[8 So. (2d) 508. No. 34903.]

Thos. E. Pegram and Thos. E. Pegram, Jr., both of Ripley, and Rush H. Knox, of Houston, for appellant.

**Fred B. Smith,** of Ripley, for appellee.

158

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **Thos. E. Pegram** and **Thos. E. Pegram, Jr.**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction for grand larceny, and one of the appellant's complaints is that the court below should have granted his request for a directed verdict of not guilty.

The evidence discloses that in January, 1938, the appellant was a member and the President of the Board of Supervisors of Chickasaw County. At the January meeting of the board, a claim against the county was

allowed to, and in the name of Hollis King for $167.22. A warrant therefor was issued to Hollis King or order by Wesley Patch, a Deputy Chancery Clerk, and delivered by him to W. F. Davis. This warrant, bearing the endorsement of "Hollis King by W. F. Davis," was presented by Davis to the county depository which paid it, delivering the money to Davis. The state's testimony discloses that Hollis King had not himself filed with the board of supervisors any claim against the county, knew nothing about the one that was filed nor of the issuance and payment of the warrant therefor. According to the evidence of W. F. Davis, who was a Deputy Chancery Clerk in January, 1938, he and the appellant agreed to file the Hollis King claim with the board of supervisors, to obtain its allowance, the issuance and collection of a warrant therefor, and to divide the money obtained equally between themselves, all of which, according to Davis, was done, but all of which the appellant denied. The money alleged to have been stolen is the $167.22 paid on the warrant issued to Hollis King therefor and alleged to be the property of Supervisors District No. 1 of Chickasaw County, Mississippi.

In support of the appellant's claim that the court below should have granted his request for a directed verdict of not guilty, counsel for the appellant say that the warrant, by means of which Davis obtained possession of this money, was issued by the owner of the money with the intention of parting, when it should be paid, with both the possession and ownership of the money. Consequently, when Davis cashed the warrant he obtained not only the possession of the money, but insofar as the county or its subdivision is concerned, the ownership thereof. All of which is true. It is also true that the issuance of the warrant was, according to the state's evidence, fraudulently obtained, nevertheless, no larceny was here committed, for the rule is "If, by fraud, a person is induced to part with his goods, meaning to relinquish his property

in them as well as his possession, he who thus obtains them may be chargeable with a cheat at the common law or under the statutes against false pretences, yet not with larceny; because, it is assumed, the owner having actually consented to part with his ownership, there was no trespass in the taking." Bishop's Criminal Law (8 Ed.), Sec. 808. This rule, as Mr. Bishop further says, is "established too firmly for judicial overthrow." It has been several times announced and applied by this court, among the cases so doing being Foster v. State, 123 Miss. 721, 86 So. 513; and Dukes v. State, 181 Miss. 704, 181 So. 518. The appellant's request for a directed verdict should have been granted.

The judgment of the court below will be reversed but instead of rendering a final judgment here, the case will be remanded so that the trial judge may, if he thinks proper, act upon the authority given him in Section 1190, Code of 1930.

Reversed and remanded.